## Levinson et al. v. Power, Jr., et al.

*Abraham J. Levinson*, for appellants.

*Earl Chudoff*, contra.

*Matthew W. Bullock, Jr.*, assistant city solicitor, for zoning board of adjustment.

ALESSANDRONI, P. J., February 8, 1955.—Plaintiffs, Abraham J. Levinson and Harry A. Gottlieb, petitioned the zoning board of adjustment for a variance to construct an addition to their present restaurant at 2021-23 North Croskey Street, Philadelphia. The board having refused the variance, plaintiffs have appealed.

The ground in question is a lot 56 feet, 4 inches wide, by 75 feet, 6 inches deep. Lot 2023 was improved with a one-story addition, which is the present restaurant. The remaining open area is 27 feet, 10 inches, by 75 feet, 6 inches. The original variance and use registration permit covered the entire open area, but the plans submitted provided for the erection of the present structure only. For that reason even though the street number is identical with that of the previous applications, we are concerned only with the contemplated use of the remaining open area. Several applications by the present appellants were made to the zoning board of adjustment with reference to the use of the land, as will appear more fully hereinafter.

The chronology before the zoning board of adjustment is interesting. On February 26, 1953, the board refused a variance for the construction and operation of a retail dry-cleaning establishment. Appellants then applied for a variance and use registration permit for a restaurant, and on May 1, 1953, the variance and registration permit were granted. Plaintiffs then constructed their restaurant on the northern half of the ground, to wit, 2023 North Croskey Street. Subsequently, on July 13, 1953, the board refused a variance

and permit for the construction and operation of a shoe repair shop and grocery store on the open ground at 2021 North Croskey Street as not being permitted in a D-1 residential classification. Then, on July 13, 1954, the board refused to grant a variance to expand the restaurant; that refusal is now before this court.

The variances were required because the east side of Croskey Street, the area in question, is zoned D-1 residential. With the possible exception of one building, there is not a single residence on that side of the street. Immediately to the north of plaintiffs is a two-story factory, beyond that a gasoline station. South of plaintiffs, there are some private garages, an auto repair and welding shop. The west side of Croskey Street has the gable ends of houses that face on Diamond, Fontain, Page and Norris Streets. As a matter of fact, it appears that with one possible exception, none of the ground was even used for residential purposes when the ground was originally classified.

The board now concedes that the ground in question is unfit for residential purposes. The board makes this concession, despite its finding that the ground "could and should be developed for residential purposes." The effect of the previous decisions, coupled with the board's concession, effectively deprives plaintiffs of making any use of the ground.

The board's decision is based on the following findings: Realty values will decrease; more people and traffic would be brought into the area; there would be excessive noises and unfit language which would disturb the rest and peace of the neighbors; the restaurant as expanded would increase juvenile delinquency; the ground could and should be developed for residential purposes; the health, safety, morals, and general welfare would be affected if the variance were granted.

The basis for the board's decision is quite clear. It is a method of expressing its dismay that after it issued a variance and use registration permit for a restaurant, plaintiffs obtained a liquor license from the Pennsylvania Liquor Control Board. The refusal of the variance is therefore to be a measure of control over the operation of plaintiffs under their alcoholic beverage license.

The law is so clear as to require no citation to support it. The sale of alcoholic beverages under a valid license is no concern of the zoning board of adjustment and has absolutely no relevance on a zoning question: Dooling's Windy Hill, Inc., v. Springfield Township Zoning Board of Adjustment, 371 Pa. 290. Therefore, any finding that an expanded Gay Paree (the name of the restaurant) would tend to attract juveniles and increase juvenile delinquency is completely unfounded, unnecessary and has absolutely no relevancy. The zoning board of adjustment, no more than any other agency, has no right to assume, without proof, that an applicant before it will violate the law. There is not a scintilla of evidence that plaintiffs violate the liquor laws by sales to minors. Even if they did, the zoning Board of Adjustment has no authority in the premises. Their finding is purely a gratuity and carries no weight.

The findings of the board and its review of the testimony establish an attempt on its part to exercise control over the morals of an area by its zoning decisions. We deem them in this instance to be without power to do so. All of the conditions alleged to exist as a result of the operation of this restaurant are properly within the control of other agencies of the government. The purpose of zoning is not per se control over health, safety and general welfare of the community. The enabling Act of May 6, 1929, P. L. 1551, 53 PS §3821 et seq., 53 PS §3824, states, inter alia:

"Such regulation shall be made . . . with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout such city."

It is clear, therefore, that the primary concern of the board is not health, safety, morals, etc., but rather to what extent the specific use of a property will affect them. Thus, before a board may deny a use on the basis of the above, it must base its findings on competent evidence. The board, in this case, is not concerned with an initial use; the restaurant is now in existence. The board's own investigation established that it was a reputable establishment.

The board argues that plaintiffs have failed to establish an unnecessary hardship and therefore the decision of the board should be sustained. Despite the subdivisions of classification, generally speaking, there are only three uses of land in a city: residential, commercial or industrial. Hence, if zoning regulation effectively prevents any of the uses set forth it is confiscatory and void. It must bear a reasonable relationship to the purposes to be achieved.

Where a statute or regulation interferes with the use and control of property without a rational relation to public safety, health, morals or general welfare, or is a palpable invasion of fundamental rights, it is not a valid exercise of the police power: Lord Appeal, 368 Pa. 121. The question of the character of the locality and whether or not a proposed use would constitute an unreasonable infringement upon property rights is for the sound discretion of the court: Philadelphia Fairfax Corporation v. McLaughlin et al., 336 Pa. 342.

It is clear that either the board abused its discretion or the zoning ordinance as applied to this particular ground is unconstitutional. If deprivation of any use whatsoever is not an "unnecessary hardship" then the expression is utterly devoid of meaning. The history of the applications made with reference to this ground

establishes the board's abuse of discretion. The board has within its power to relieve against such conditions. The fact that the classification is residential in the face of the physical facts presents an anomaly calling for rectification by the proper authorities.

However, the board may not deprive one of the use of his property in the guise of a protector of the people against dispensers of alcoholic beverages. Their findings in this case are not supported by competent evidence. However, inasmuch as the findings for the most part have little relationship to the board's function, we are compelled to disregard them.

### Order

And now, to wit, February 8, 1955, plaintiffs' appeal is sustained. The zoning board of adjustment is directed to issue the necessary variance and use registration permit.