## Yeager v. South Centre Township Board of Zoning Adjustment

*Donald A. Lewis,* for appellants.

*John M. Kuchka,* for zoning board of adjustment.

KREISHER, P. J., November 18, 1971.—This case is before the court on appeal as authorized under the Pennsylvania Municipalities Planning Code of July 31, 1968, 53 PS §§11001 to 11010, effective January 1, 1969.

Article 3, sec. 300(c) of the South Centre Township Zoning Ordinance of 1963, provides:

"That buildings in which animals or poultry are kept shall not be erected within 200 feet of any lot line with the exception of a Veterinary Establishment solely limited to facilities necessary to the temporary treatment of sick or otherwise ailing pets.

"Lot area shall be not less than one acre and lot width not less than 150 feet."

The lot in question is located in an area zoned rural residential along old Route 11 between Bloomsburg and Berwick containing 1.07 acres with various lot lines of 183 feet, 287 feet, 142 feet and 287 feet. A single frame and stone block bungalow fronts on said highway and three small outbuildings are scattered to the north or rear of the lot which adjoins a field of the International Textbook Company, the eastern line adjoins a truck parking lot and the western line adjoins a house and lot which is overgrown with trees and brush. There are fields on the southern side of old Route 11.

Appellants moved into said premises in 1967 and purchased same in 1969. They brought one pony upon the lot in 1967 and brought the second one there in 1969. They applied for a permit to remodel one of said outbuildings to house said ponies but were re-

fused because of said ordinance. They appealed to the board of adjustment for a variance, who also denied their request.

Since the board made no record of the proceedings before it, a hearing de novo was held before the court and the matter is now before us for disposition.

At said hearing, the members of the board testified to complaints received from the occupant of the dwelling on the west and that their action was taken for health and welfare purposes.

Appellants and their witnesses testified to the immaculate condition of their lot and stables, the general poor condition of the surrounding land, the pleasure afforded to children of the community who received almost daily free pony rides and a complete denial of any health or welfare problem. They also testified to numerous incidents of similar variances within the district by other residents, who purchased their horses and ponies subsequent to the enactment of said ordinance.

It is now well established that municipal authorities, under the guise of the police power, have statutory sanction to curtail inherent constitutional property rights of individuals by zoning regulations for future development. However, said restrictions must be reasonable in light of the particular circumstances surrounding the location and reasonably conducive and relevant, at least to some degree, to the health, safety, morals, and general welfare of the community, and therefore, each case must be viewed in this light.

The 10-page written brief of counsel filed on behalf of appellants is generally addressed to the unreasonableness of the lot size and the 200-foot requirement from boundary lines, hence, an impermissible constitutional regulation. We do not deem it necessary to cite or review the many cases on this subject set

forth in said brief as we conclude it is not required in this case to pass upon the matter, since we believe a variance or special exception is warranted under the facts of this one particular case.

The recent case of Ridgway Bar v. Marzella, 52 D. &. C. 2d 392, deals with a 20-foot boundary line restriction for a dog pen. In finding defendant not guilty, the court stated, after holding that the mere possession or keeping of a pet does not constitute a nuisance per se, that:

"From the foregoing, we conclude that it is a question of fact to be judicially determined after hearing held, whether or not the keeping of dog or dogs within a certain location is a nuisance or not a nuisance, and that it cannot be arbitrarily stated by the borough council or the court that the maintenance of a dog kennel, pen or run in which are housed, kept or confined any dog or dogs within less than 20 feet from an adjoining property line does constitute a prohibitive nuisance. One dog housed 20 or more feet from an adjoining property line could very easily be a greater nuisance to the neighborhood and general public than several dogs housed within less than 20 feet. Each case depends upon its own specific circumstances."

In Cresko Zoning Case, 400 Pa. 467, 470, the court said:

"The familiar requirements for a variance are set forth thus in the Richman case by Mr. Justice Benjamin R. Jones: 'The sole justification for the grant of a variance is that a strict application of the terms of the zoning statute will result in an "unnecessary hardship," and, even then, the variance can be granted only if "the spirit of the ordinance shall be observed; the public health; the public safety; and the general welfare secured; and substantial justice done." He who seeks a variance has the burden of proving justi-

fication for its grant. The "hardship" which must be proven must be an "unnecessary," not a "mere" hardship, as well as "unique or peculiar to [the property involved] as distinguished from the impact of the zoning regulations on the entire district." The fact that an increase or decrease in value will result from the grant or refusal of a variance will not, standing alone, constitute a sufficient hardship.' "

In light of the foregoing authorities, we conclude appellants' uncontradicted evidence as to the rural nature of the location, the manner in which the ponies are kept, the pleasure the pets give appellants' children and friends, the number of other horses and ponies within the district and the large size of appellants' lot prove appellants are entitled to a special exception or variance in this particular case on the grounds justice requires this conclusion. In the event these pets become a nuisance to the public generally, the same can be abated promptly. However, a mere neighbors' quarrel is not sufficient to deprive appellants of the constitutional right to use their property for the housing of said pets.

The courts have recognized a distinction between a use variance and a dimensional variance and in the latter cases the principles have been applied much more liberally: Appeal of Lehman, 31 Beav. Leg. J. 42 (1971).

## ORDER OF COURT

And now, November 18, 1971, for the reasons set forth in the foregoing opinion, it is ordered and decreed that the appeal from the refusal to grant appellants a special variance is sustained and the action of the South Centre Township Zoning Board of Adjustment is reversed. Exception noted.