Appeal of St. Sophia Religious Association of Ukrainian Catholics, Inc. From Decision of Cheltenham Township Zoning Hearing Board. Township of Cheltenham, Appellant.

Argued October 8, 1976, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*John P. Gregg,* with him *Samuel H. High, Jr.,* and *High, Swartz, Roberts & Seidel,* for appellant.

*John A. VanLuvanee,* with him *Eastburn and Gray,* for appellee.

OPINION BY JUDGE ROGERS, November 24, 1976:

The appellee, St. Sophia Religious Association of Ukrainian Catholics, Inc., applied to the Cheltenham Township Zoning Hearing Board pursuant to Section 301(2) of the Cheltenham Township Zoning Ordinance[1] for a special exception to use land located in a residential zoning district as a place for the study of the history, traditions, customs and rites of the Ukrainian Catholic Church. After hearing, the Zoning Board denied the application on the grounds that the proposed use was not an "educational" use and therefore not permitted by special exception or otherwise. On appeal, the Common Pleas Court of Montgomery County reviewed the record made by the Zoning Board and reversed. Cheltenham Township has appealed. We agree with the lower court and affirm its holding.

Where, as here, the lower court takes no additional testimony, the scope of our review is to ascertain whether the zoning board committed an abuse of discretion or an error of law. *Campbell v. Zoning Hearing Board of Plymouth Township*, 10 Pa. Commonwealth Ct. 251, 310 A.2d 444 (1973).

The Cheltenham Township Zoning Ordinance does not define "educational" use. *Gilden Appeal*, 406 Pa. 484, 178 A.2d 562 (1962), and *Burgoon v. Zoning Hearing Board of Charlestown Township, Chester County*, 2 Pa. Commonwealth Ct. 238, 277 A.2d 837 (1971), hold that the term "educational" when used to define a permitted land use must be given its broadest interpretation. In the *Gilden Appeal, supra* at 492, 178 A. 2d at 566, our Supreme Court defined the term "edu-

---

[1] "Section 301. A building may be erected, altered or used and a lot or premises may be used for any of the following purposes and for no other: 1) Single-family detached dwelling. 2) Educational or religious use including a dormitory of an educational or religious institution when authorized as a special exception, excluding hospital, sanitarium, rest home or correctional institution."

cational," when not otherwise restricted in a zoning ordinance, as follows:

'The word [educational] taken in its full sense, is a broad, comprehensive term, and may be particularly directed to either mental, moral, or physical faculties, but in its broadest and best sense it embraces them all, and includes, not merely the instructions received at school, college, or university, but the whole course of training—moral, intellectual, and physical.'

The findings of facts of the lower court, which accurately reflect the uncontradicted testimony before the Zoning Board, amply support the instructional nature of the proposed use. Highly specialized seminars for a select group of students would be conducted on topics pertaining to the Ukrainian Catholic tradition and Ukrainian culture which are not otherwise taught by the Ukrainian Catholic Church or elsewhere. The seminars would be conducted several times a week with a student body of about fifteen people. A small, private library containing rare books and manuscripts would be maintained. The faculty would be drawn from the faculties of local institutions of higher learning on a volunteer basis and no tuition would be charged although there would be a registration fee to aid in defraying expenses. These facts fully justify the lower court's reversal of the Zoning Board's decision that the proposed use is not educational. *Lindquist Appeal,* 364 Pa. 561, 73 A.2d 378 (1950).

The township argues that the seminar center is not an educational institution because there will be no paid faculty, no tuition charges, no degrees conferred and no certification of the institution by the Pennsylvania Department of Education. Such arguments overlook the obvious import of *Gilden* and *Burgoon,* that, where undefined, the term "educational" use may encompass more than the training received in tra-

ditional schools, colleges or universities. In *Burgoon, supra* at 247, 277 A.2d at 842, this Court noted that Commonwealth certification is not necessary to a judicial determination that a particular use is educational. If other facts conclusively establish that a proposed use provides intellectual or physical training, then the absence of certification by the Department of Education is without effect.[2]

Finally, the township contends that Section 301(2) of its Zoning Ordinance contains modifying language—"including a dormitory of an education or religious institution . . ."—which evidences a legislative intent to exclude uses which would not traditionally be thought of as educational. In our opinion, the phrase quoted suggests a result contrary to that urged by the appellant. It seems to us that the allowance of accessory educational activities suggests the employment of an expansive, not restrictive, view of activities to be considered educational uses.

The township finally says that affirmance of the lower court puts our sanction on educational activities having little or no intellectual content. In *Burgoon, supra*, we held that the use of land for the study of fine horsemanship was an educational use. Certainly, the use of the building and grounds here as a center for the study of a noble culture and religion is entitled to the same recognition.

Accordingly, we enter the following

### ORDER

AND Now, this 24th day of November, 1976, we affirm the lower court's reversal of the Cheltenham Township Zoning Hearing Board and the grant of the special exception for an educational use to the appel-

---

2 *See Day Care Association of Montgomery County v. Whitpain Township,* 86 Montgomery Co. L.R. 164 (1966).

lee, St. Sophia Religious Association of Ukrainian Catholics, Inc., pursuant to Section 301(2) of the Cheltenham Township Zoning Ordinance.

