Dorothy Barnhart, Appellant *v.* Zoning Hearing Board of Nottingham Township, Washington County, Pa., Appellee.

Argued December 6, 1979, before Judges CRUM-LISH, JR., MENCER and MACPHAIL, sitting as a panel of three.

*William A. Johnson,* of *Wilsom & Johnson,* for appellant.

*Bernard L. McQuinly,* with him *Peter J. Mansmann,* of *Mansmann, Beggy & Campbell,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 28, 1980:

The Washington County Common Pleas Court affirmed the finding of the Nottingham Township Zoning Hearing Board (ZHB) that the boarding of horses was not a agricultural use within the meaning of the zoning ordinance. Dorothy Barnhart appeals. We reverse.

The facts are as follows:

Barnhart is the lessee of 65 acres of ground in Nottingham Township, Washington County, Pennsylvania, used for the boarding and riding of approximately 33 horses owned by 19 separate owners. At the time of the hearing, the property in question was zoned A-1 Agricultural/R-1 Residential. In 1977, to legitimize the use, Barnhart applied to the ZHB for a variance and at the same time contended that her use was permitted as a matter of right under the ordinance. The ZHB found that the requested use was not permitted within the terms of the ordinance because of its commercial aspect and denied the variance, finding no evidence of hardship peculiar to the property.

The common pleas court affirmed on appeal.

Here, Barnhart only contests the lower court's refusal to find that her use was permitted. Thus, the question is whether the boarding of horses under these facts is an agricultural use within the terms of the statute.

Where, as in this case, the court below took no additional testimony, our review is limited to the narrow issue of whether the ZHB abused its discretion or committed an error of law. *Village 2 at New Hope, Inc. Appeals,* 429 Pa. 626, 241 A.2d 81 (1968).

In interpreting a section defining permitted uses, the permissive nature of the phrase in the ordinance must be broadly interpreted so as to give a landowner the benefit of the least restrictive use and enjoyment of his land. *Brunner v. Upper Makefield Township Zoning Hearing Board,* 12 Pa. Commonwealth Ct. 109, 315 A.2d 359 (1974).

This statute permits agricultural use within R-1 and A-1 designations. Agriculture is defined by statute as:

> Any use of land or structures for farming, dairy, pasturage, agriculture, horticulture, floriculture, arboriculture or animal or poultry husbandry. Uses permitted in conjunction with an agricultural use may include barns, stables, corn cribs, silos and any other use or structure that is clearly related to an agricultural operation.

Barnhart contends that the present use of her property is within the definition of agriculture because it constitutes pasturage. We agree. The term pasturage, while not further defined by statute, is the *act* or *process* of pasturing cattle and other animals.[1] Pasturing is the feeding of cattle and other animals

---

[1] Webster's Third New International Dictionary 1653 (1966).

by putting them to graze on ground covered with grass or herbage.

The stipulated facts indicate that 18 of the 33 horses boarded are "pastured" on a full-time basis and the remaining 15 are pastured on a part-time basis. In *Burgoon v. Zoning Hearing Board of Charlestown Township,* 2 Pa. Commonwealth Ct. 238, 245, 277 A.2d 837, 842 (1971), we held that:

'In the final analysis the *nature of the use made* and not the *identity of the user* of the land determines whether . . . [the] activities may be permitted.' (Emphasis in original.)

As a result, in spite of the clearly commercial aspects, we find the use of Barnhart's property is sufficiently pastural in nature to allow its classification as agricultural and that the ZHB erred in not so finding.

The ZHB, however, would continue to press its argument contending that its zoning ordinance contains modifying language, including "stables" as an accessory use which evidences a legislative intent to exclude uses which would not traditionally be agricultural. We disagree. The allowance of accessory agricultural activities suggests the employment of an expansive and not a restrictive interpretation of activities to be considered agricultural uses. *See Appeal of St. Sophia Religious Association,* 27 Pa. Commonwealth Ct. 237, 365 A.2d 1389 (1976).

Accordingly, we

ORDER

AND Now, this 28th day of February, 1980, the order of the Washington County Common Pleas Court is reversed.

This decision was reached prior to the death of President Judge BOWMAN.

Judge DISALLE did not participate in the decision in this case.