**In re: Appeal of Realty Engineering Company**

*Paul E. Beckert,* for appellant.
*Samuel M. Snipes,* for appellee.

LUDWIG, *J.,* July 29, 1981—Upon argument before the court sitting en banc, we denied the appeal of Realty Engineering Company from the decision of the Falls Township Zoning Hearing Board, which had refused appellant's application for a variance and a zoning permit. From our order, Realty's appeal to the Commonwealth Court followed.

The sole issue decided by us was whether a self-service storage facility, with an ancillary office and residence for the facility's on-site manager, as applied for by appellant, qualified as a permitted use within the Neighborhood Commercial District of the Falls Township Zoning ordinance.[1]

The Zoning Hearing Board, after a hearing, resolved this question in the negative and entered a decision containing findings of facts and conclusions. On appeal to this court, the parties entered into stipulations of fact, the effect of which was to change our scope of review under the Municipalities Planning Code, Act of June 1, 1972, P.L. _____, as amended, §1010, 53 P.S. §11010. See Cresko Zoning Case, 400 Pa. 467, 162 A. 2d 219 (1960); Lutz v. East Hanover Township Zoning Hearing Board, 17 Pa. Commonwealth Ct. 501, 333 A. 2d 229 (1975) (supplementation, however slight or inconsequential, requires a de novo determination).[2]

Having reviewed the record, we adopted and repeat, in substance, the findings of fact of the Zoning Hearing Board and have decided this appeal on the merits.[3]

Section 209-22 of the Falls Township Zoning Ordinance provides:

1. Appellant also sought a dimensional variance, which was refused by the zoning hearing board. On appeal, however, the township conceded appellant's entitlement to the variance because of nonconforming rights.

2. Appellant's purpose for adding to the record the longterm leases of adjoining properties was to show that a dimensional variance was a prerequisite to the proposed use of the instant property. On appeal, this issue, as noted, was eventually conceded by the township.

3. The sole finding of fact of the zoning hearing board that appears to be erroneous is no. 7, that the largest rental unit will be 10 feet by 20 feet. This is contradicted by appellant's architectural plan dated April 18, 1979, the layout and dimensions of which we adopted as factually accurate.

A. Purposes. The purpose of the NC Neighborhood Commercial District is to allow for small areas throughout the township where retail and service businesses may be located primarily for the convenience of the residents of the immediate neighborhood. Development in these areas shall be designed to enhance and improve centers by ensuring an adequate traffic circulation plan evolved so that each building does not have its own access points to the highways. The building appearances and signs shall be compatible, and parking facilities shall be inter-related and capable of common usage where advisable.

Subsection B of Section 209-22 enumerates the district's principal permitted uses as follows:

(1) Convenience shops, including grocery store, drugstore, gift shop, hardware store, variety store and clothing store.

(2) Automatic self-service laundry, baked goods store, confectionary store, shoe repair and dry-cleaning store, or laundry where laundering and dry-cleaning are performed on the premises.

(3) Professional offices, including medical, dental, realty, insurance, law offices, accounting services and governmental services.

(4) Banks.

(5) Barbershops and beauty shops.

(6) Library.

(7) Other uses of the same general nature.

The proposal set forth in appellant's application is to construct and put into operation a 450-unit self-service storage complex that would consist of eight separate one-story structures with building coverage of 43,900 square feet on a 3.44 acre site. According to appellant's plan, the storage units would vary in size from 25 square feet to 800 square feet with a maximum height of 25 feet; the manag-

er's office/apartment area would cover 1,000 square feet. The storage units would be rented for use by homeowners, apartment residents, professional offices and businesses.

Appellant contends that although such a self-service storage facility is not explicitly identified in Neighborhood Commercial as a permitted use, it comes within the final grouping of "[o]ther uses of the same general nature." We disagree.

In reaching this conclusion, we considered that appellant's proposed self-storage units are not of the same nature or even akin to "convenience shops" or local stores, professional offices or the other neighborhood services allowed by the ordinance.[4] In building coverage alone, which amounts to an entire acre, they are inordinately large and out of scale with the uses listed and ordinarily associated with a neighborhood district.

Similarly, it is not evident from the record that this massive storage facility would be "primarily for the convenience of the residents of the immediate neighborhood," as the ordinance specifically requires. The statements made at the zoning hearing board, on the applicant's behalf, that usage of the facility would be made by those within an ambit of several miles does not satisfy the immediate neighborhood restriction. See Scranton Board of Zoning Appeals v. Silas, 393 Pa. 10, 14, 142 A. 2d 24, 26 (1958).

The word "neighborhood" has been defined as "[a] place near; an adjoining or surrounding district; a more immediate vicinity." Black's Law Dic-

---

4. The phrase "any use of the same general character" is more restrictive than those "similar to," since "same" connotes identity, not simply likeness: James J. Lawrence, Inc. v. Lower Southampton Zoning Hearing Board, 25 Bucks Co. L. Rep. 26 (1973). Ryan, Pa. Zoning Law and Practice, §4.3, p. 120 (Supp. 1979).

tionary, p. 1188 (4th Ed. 1968). See Webster's New Collegiate Dictionary, p. 769 (1976). As used in the Falls Township Zoning Ordinance, the phrase "immediate neighborhood" would appear to mean "in close proximity"—for example, a specialty shop or local service business that is within the customer's walking or perhaps easy driving distance. See, e.g., Maurer v. Austin Square, Inc., 9 Ohio Misc. 49, 221 N.E. 2d 725 (1965). The applicant's intended use fails to fit this description.

The Falls Township Zoning Ordinance provides that both "storage" and "warehouse" are permitted uses in one zoning district, section 209-26, and "warehousing" is permitted in four other districts, sections 209-27, 28B(3), 29B(3), and 31B.2. However, the ordinance does not delineate either term. The township argues that appellant's proposed storage units should be classified as "mini-warehouses" and, therefore, confined to those districts where warehouse use is expressly permissible.

On the other hand, appellant urges us to find that its facility is distinguishable from a warehouse because of its self-service feature. It refers us to the dictionary definition of a "service" as a "facility supplying some public demand."[5] It suggests that the typical warehouse is used for trade purposes by middlemen or wholesalers and not for household or business storage.

Since we have found that appellant's particular storage facility as applied for is not of "the same general nature" as the permitted uses expressly approved for Neighborhood Commercial, we are

---

5. "7 a: a facility supplying some public demand (telephone service) (business service); b: a facility providing maintenance and repair (to business service)." Webster's New Collegiate Dictionary, p. 1059 (1976).

not compelled to decide whether it is or is not a warehouse. Nevertheless, the ordinance provisions that do allow storage and warehousing in other zoning districts are some support for concluding that, generally speaking, these uses and uses of this category were not contemplated for Neighborhood Commercial. Clearly, appellant's use is a form of storage and could not be excluded from a warehouse district. The other districts in which storage and warehousing are explicitly authorized are all inferior to Neighborhood Commercial. If a given use is listed in a lower use classification, it is reasonable to infer that the use was intentionally exlcuded from the higher zone. Ryan, Pa. Zoning Law and Practice, §4.2.1, p. 5 (1970).

We recognize that zoning ordinances must be strictly construed against the municipality, and, in the absence of any definition to the contrary, a use must be presumed to be employed in its broadest sense. Lord Appeal, 368 Pa. 121, 81 A. 2d 533 (1951); Barnhart v. Zoning Board of Nottingham Township, 49 Pa. Commonwealth Ct. 481, 411 A. 2d 1266 (1980). Ryan Pa. Zoning Law and Practice, Section 4.2.4, p. 9 (1970). In construing the Falls Township Zoning Ordinance, we were constrained to decide, for the reasons discussed, that appellant's application was not within the purview of a permitted use in the Neighborhood Commercial District.[6] Accordingly, we denied the appeal.

---

6. The manager's apartment/office use, requested by appellant as an ancillary use, was not ruled upon by the zoning hearing board's decision. There appears to be no authorization for such use under the terms of the zoning ordinance.