Farmland Industries, Inc., t/d/b/a Turkey Hill Minit Markets, Inc., Appellant *v.* Zoning Hearing Board of Pequea Township, Appellee.

Argued December 17, 1981, before Judges MEN-CER, BLATT and MACPHAIL, sitting as a panel of three.

*John P. Hohenadel*, with him *Judith L. White, Nikolaus, Hohenadel & Greiner*, for appellant.

*David William*, with him *William E. Haggerty, Morgan, Hallgren, Crosswell & Kane, P.C.*, for intervenors, Richard A. Haas and Joy C. Haas.

No appearance for appellee.

OPINION BY JUDGE MENCER, March 12, 1982:

In March 1980, Penn Brill Manor Associates[1] applied for a special exception to erect a building for

---

[1] Penn Brill Manor Associates was a partnership composed of Richard A. Haas and Raymond Denlinger.

the sale of farm products on their property which is located in an "A-Agricultural" zoning district. After a hearing, the Zoning Hearing Board of Pequea Township (Board) granted the special exception. On appeal by Farmland Industries, Inc., t/d/b/a Turkey Hill Minit Markets, Inc. (appellant), the Court of Common Pleas of Lancaster County affirmed the Board's decision without taking additional testimony. As subsequent purchasers of the property in issue, Richard and Joy Haas intervened in the action below. This appeal followed.

Article XIX, Section 1911 of the Pequea Township Zoning Ordinance provides as follows:

The display and sale of *farm products* may be permitted by special exception in A-Agricultural Districts and R-240 Residential Districts provided that the following restrictions are met:

1. The general standards of Section 1903 are met.

2. Parking space for at least three (3) cars shall be provided off the road right-of-way.

3. Sale of farm products shall be conducted from a portable stand located a minimum of 15 feet from the road right-of-way line and to be removed at the end of the growing season, or from a permanent building located at least 100 feet from the road right-of-way line.

(Emphasis added.)

The ordinance, however, does not define the term "farm products." In response to a question asked at the Board hearing concerning the kinds of products he would like to sell at the farm market, Richard Haas answered as follows:

We are applying as a special exception for the sale of farm products. Some of these things are complementary to farm products, and I illustrated canning jars, lids, paraffin wax. We also for fifteen years have been selling potatoes and honey in the same kind of a situation which we don't grow, so we're asking for a little latitude.

The Board made the following relevant conclusions of law:

4. Thus, in accordance with established legal precedents relative to the interpretation of Zoning Ordinances, this Board will give this term its broadest reasonable interpretation. However, in so doing, it is not the intent of this Board to give it an unnatural or unreasonable interpretation, particularly in light of the clear and unequivocal intent of the legislators which was to limit the "stand" or buildings to a "stand" or "building" designed and intended for the sale of products raised on the farm or farms of the Owner.

5. Accordingly, the Board concludes that the following constitute appropriate "farm products" which may be sold on the premises:

(A) All types of fruits and vegetables except those commercially canned or bottled elsewhere and which are found in markets, supermarkets, or grocery stores as 'canned or bottled' merchandise.

(B) Breads and bakery products except breads and baked products baked commercially elsewhere.

(C) Chicken and poultry products except those commercially packaged elsewhere.

(D) Meat and meat products except those commercially slaughtered and/or packaged elsewhere.

(E) Canning jars and accessories relating to home canning or bottling.

(F) Milk, ice cream and dairy products except milk, ice cream and dairy products commercially packaged elsewhere.

6. The Board concludes, without limiting the list of prohibited items, that the following in addition to those excepted in conclusion 5, are prohibited:

(A) Soft drinks.

(B) Candies and tobacco items.

(C) Cereals and all types of paper products.

(D) Detergents and all types of cleaning and insect repellant merchandise.

(E) All types of toilet and accessory items.

We cannot agree that the Board has properly interpreted Section 1911 of the zoning ordinance. Since the ordinance does not define the term "farm products," it must be construed according to its plain, ordinary, usually understood meaning. *V.S.H. Realty, Inc. v. Zoning Hearing Board of Sharon Hill*, 27 Pa. Commonwealth Ct. 32, 365 A.2d 670 (1976). Webster's New International Dictionary of the English Language (2d ed. 1934) supplies the following definitions:

farm—Orig., a piece of land held under lease for cultivation; hence, any tract of land (whether consisting of 1 or more parcels) devoted to agricultural purposes, generally under the management of a tenant or the owner. . . . Hence, a plot or tract of land devoted to the raising of domestic or other animals.

*Id.* at 919.

> product—Anything produced, as by generation, growth, labor, or thought, or by the operation of involuntary causes; as, the *products* of the season, or of the farm.

*Id.* at 1975. It therefore would seem consistent with common usage to say that a farm product is something produced by growth or labor upon a tract of land devoted to agricultural purposes. Certainly, canning jars and accessories do not have a farm as the situs of their production. Indeed, Mr. Haas characterized these items at the hearing as "complementary to farm products," rather than farm products themselves. Similarly, bread, ice cream, and bakery products do not result from the cultivation of land or operation of a farm, since these products must undergo substantial processing to achieve their final form.

We therefore conclude that the term "farm products" includes fruits, vegetables, eggs, milk, butter, lard, poultry, and meat which have not been substantially processed or commercially packaged, bottled, or canned.

There is some question whether the Board, in conclusion 4, intended to limit the special exception to allow only the sale of products grown on the farms of the owner. Although appellant urges that such a limitation is mandated by the terms of Section 1911, we can find no language in the ordinance that restricts the farm products that may be sold to those produced on the farms of the holder of the special exception. We thus will not extend the restrictions of the ordinance to any limitation of use which was not clearly prescribed therein. *See Abington Township v. Dunkin' Donuts Franchising Corp.*, 5 Pa. Commonwealth Ct. 399, 291 A.2d 322 (1972).

Order affirmed as modified.

#### ORDER

AND Now, this 12th day of March, 1982, the order of the Court of Common Pleas of Lancaster County, dated December 29, 1980, modifying and affirming the decision of the Zoning Hearing Board of Pequea Township, is modified in accordance with the conclusions reached in the opinion in the above captioned case and, as so modified, is affirmed.

Judge PALLADINO did not participate in the decision in this case.