The Zoning Hearing Board of Mahoning Township, Appellant *v.* Walter J. Zlomsowitch and Carol K. Zlomsowitch, Appellees.

Argued October 15, 1984, before Judges WILLIAMS, JR., MACPHAIL and Senior Judge BARBIERI, sitting as a panel of three.

*Thomas S. Nanovic,* with him, *Roger N. Nanovic, Thomas S. McCready* and *George T. Dydynsky,* for appellant.

*Daniel F. Zeigler, Garfield & Zeigler,* for appellees.

OPINION BY JUDGE MACPHAIL, January 17, 1985:

The Zoning Hearing Board of Mahoning Township (ZHB) and the Mahoning Township Board of Supervisors (Supervisors) appeal the orders of the Court of Common Pleas of Carbon County.[1] We affirm.[2]

On February 3, 1981, Walter J. Zlomsowitch and Carol K. Zlomsowitch (Appellees) applied for a permit to build a stable on their property in Mahoning Township. The permit was issued that same day, but on April 15, 1981, the Supervisors notified Appellees that their permit had been issued in error and was to be revoked. The permit was revoked on June 2, 1981.

Appellees appealed to the ZHB and filed a request for a variance. A public hearing was held on August 4, 1981, at which time testimony was taken on both the appeal and the variance. By decision

---

[1] Although the issue has not been raised, we note that ZHB has no standing to appeal to this Court. *Lansdowne Borough Board of Adjustment Appeal,* 313 Pa. 523, 170 A. 867 (1934). Inasmuch as leave was granted to the Supervisors to intervene *after* the appeal was taken to this Court, such action by the trial court may have been inappropriate in light of the provisions of Pa. R.A.P. 1701(a). *See Gilbert v. Montgomery Township Zoning Hearing Board,* 58 Pa. Commonwealth Ct. 296, 427 A.2d 776 (1981).

[2] The court of common pleas ordered a remand to the ZHB so that a permit could be issued. Although an order of remand is generally interlocutory so that no appeal will lie, the lower court's order is final in effect. *Cf. Department of Transportation v. Rollins Outdoor Advertising Co., Inc.,* 76 Pa. Commonwealth Ct. 554, 464 A.2d 653 (1983) (an order is final and appealable if it precludes a party from presenting the merits of his claim). In the instant case, the remand requires the ZHB to issue the permit. Under these facts, an appeal will lie.

dated September 29, 1981, the ZHB affirmed the revocation of Appellee's building permit.[3]

Appellee appealed the ZHB decision to the Court of Common Pleas of Carbon County which sustained the appeal.[4] After the ZHB petitioned for reconsideration, the court filed a supplemental opinion on October 14, 1983, denying the petition. The instant appeal followed.

Our scope of review in a zoning case where, as here, the court below did not receive additional evidence is to determine whether the ZHB abused its discretion, committed an error of law, or made findings of fact which were not supported by substantial evidence. *Ramsey v. Zoning Hearing Board of the Borough of Dormont*, 77 Pa. Commonwealth Ct. 456, 466 A.2d 267 (1983).

The lot in question is located in an R-2 low density residential zone and is therefore governed by Article VII of the Mahoning Township Ordinance (Ordinance). Section 602 permits:

Agricultural and horticultural uses as defined
in Article V provided that all area, density and
lot width regulations are also in conformance
with Article V.

Article V defines an agricultural use as one that is "related to the tilling of land, the raising of farm products, *the raising and keeping of horses,* cattle and other livestock, and the raising of poultry and poultry products." Section 502(a) of the Ordinance (emphasis added). The area, density and lot width regulations of Article V, Section 505, provide in full that:

---

[3] The ZHB did not rule on Appellee's request for a variance.

[4] The Common Pleas Court filed its opinion September 16, 1983. On October 7, 1983, the Court filed an amended opinion correcting the first paragraph of the September 16 opinion.

a. Buildings devoted to farm use shall be exempt from area regulations.

b. The lot areas, densities, and lot widths for single-family detached dwellings, including individual mobile homes and seasonal residences, shall not be less than the following: Forty thousand (40,000) square feet, exclusive of rights-of-way.

i. Maximum net density—.92 dwelling units per acre.

ii. Minimum lot width at the setback line —two hundred (200) feet, minimum width at the right-of-way line one hundred fifty (150) feet.

iii. Minimum lot depth—two hundred (200) feet.

Because the proposed structure, a stable,[5] is not a single family dwelling of any kind, it was entirely appropriate for the court below to determine that Section 505(a) applied to the instant case. The ordinance does not define the term "farm use" as used in Section 505(a); it must therefore be construed according to its plain, usually understood meaning. *Farmland Industries, Inc. v. Zoning Hearing Board of Pequea Township,* 65 Pa. Commonwealth Ct. 288, 442 A.2d 395 (1982). The term "agricultural use" is synonomous with farm use as that term is used in Section 505(a). A stable is a familiar structure used for farm and agricultural purposes. Accordingly, the stable contemplated by Appellees is exempt from area regulations,[6] and the ZHB erred in not so finding.

---

[5] The ordinance defines both a private stable and a public stable. Appellees contemplate building a private stable.

[6] Section 602(c) refers only to the area, density and lot width regulations of Article V, which are found at Section 505. Section 602(c) does not incorporate the setback requirements found at Sec-

We are cognizant of the fact that the ordinance defines both farm[7] and use.[8] The ZHB would have us read the two definitions together to arrive at a definition for "farm use" as used in Section 505. Had the township intended that construction, it could have provided so in the ordinance. It is not within our province to act for the legislative body. Accordingly, we affirm.

## ORDER

The orders of the Court of Common Pleas of Carbon County, Pennsylvania, No. 81-S-484, dated September 16, 1983 and October 7, 1983 are affirmed.

tion 507. Therefore, Appellants' argument that Section 507 applies to the instant case must fail.

[7] Farm is defined by the ordinance:

Any parcel of land containing ten (10) or more acres which is used for gain in the raising of agricultural products, livestock, poultry, and dairy products. It includes necessary farm structures within the prescribed limits and the storage of equipment used.

[8] Use is defined by the ordinance as:

The specific purpose for which land or a building is designed, arranged, intended, or for which it is or may be occupied or maintained. The term "permitted use" or its equivalent shall not be deemed to include any nonconforming use.