514 A.2d 302

Appeal of Leandro Angelone from the Decision of the Zoning Hearing Board of the Township of Springfield. Leandro Angelone, Appellant.

Argued June 9, 1986, before President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge ROGERS, sitting as a panel of three.

*Edward J. Morris, Edward J. Morris, P.C.,* for appellant.

*James J. Garrity,* with him, *Barbara R. Watkins, Wisler, Pearlstine, Talone, Craig and Garrity,* for appellee.

OPINION BY JUDGE BARRY, August 29, 1986:

This appeal results from an order of the Montgomery County Court of Common Pleas which affirmed the decision of the Springfield Township Zoning Hearing Board (Board) denying the Petition for Special Exception sought by the appellant, Leandro Angelone (appellant).

Appellant, a funeral director, filed the petition seeking to use his "residence, and a proposed single story addition thereto, as a professional office, for the conducting of funeral viewings." The petition further averred that "[t]here will be no embalming done on the premises[,] nor will there be a casket showroom on the premises." After a hearing was held the Board denied the petition. The basis for that decision was that the proposed use did not constitute the operation of a "professional office," a use permitted by special exception in the "B Residential" district in which the property was located. The trial court affirmed and appellant then pursued the present appeal.

Our review is, of course, limited to a determination of whether the Board committed either an abuse of dis-

cretion or an error of law. *Zoning Hearing Board of Mahoning Township v. Zlomsowitch,* 87 Pa. Commonwealth Ct. 123, 125, 486 A.2d 568, 569 (1984). Appellant maintains that the Board committed error in concluding that his proposed operation of conducting funerals was not the maintenance of a "professional office." We affirm.

Section 114-14E of the Springfield Township Zoning Code provides as follows:

> A professional office or home occupation shall be a permitted accessory use when authorized by special exception. . . . A professional office shall be understood to include the office or studio of a doctor for the treatment of humans, dentist, teacher, artist, architect, musician, lawyer, magistrate or practitioner of similar character.

*Id.* Construing this section, the Board concluded that "the conduct[ing] of a funeral home with or without embalming is not a professional activity" within the meaning of the ordinance. *Board Decision* at 4. This conclusion, in turn, was reached on the pivotal grounds that "undertaking and embalming" establishments were specifically provided for as permitted uses in the B-1 Business District.[1]

We discern no error in this reasoning. In *Bonasi v. Haverford Township Board of Adjustment,* 382 Pa. 307, 115 A.2d 225 (1955), a property owner sought to have a beauty shop approved as an "accessory professional use," a category of land use permitted in the district in which the involved property was located. The Supreme Court, in affirming the township's rejection of the proposed use, employed reasoning we believe to be controlling in the present case:

> A reading of the Zoning Ordinance makes it clear that the term 'professional office,' *as used*

---

[1] Section 114-91(b), Springfield Township Zoning Code.

*in relation to 'B' Residence Districts,* was not intended to include a *beauty shop*. The Ordinance [in its Business District provisions] provides for *'Personal service shop,* tailor, barber, *beauty,* shoe repair, dress making shop and other personal service shops or store.' . . . . Since the use of a beauty shop . . . is specifically permitted· as a *business use,* it is inconceivable that a similar use was intended as an accessory professional use in a 'B' Residence District. It is plain that the Ordinance did not so intend.

382 Pa. at 311, 115 A.2d at 226 (emphasis in original). *See also Crary Home v. Defrees,* 16 Pa. Commonwealth Ct. 181, 185-87, 329 A.2d 874, 876-77 (1974). As this was precisely the Board's reasoning in the present case, we cannot say that any error of law was committed.[2]

---

[2] Indeed, in earlier litigation in which appellant sought a special exception involving the same property, this Court affirmed the trial court's denial of the petition on precisely these same grounds:

We believe that the lower court correctly concluded that, since undertaking and embalming establishments are specifically permitted in the lower business districts and are not specifically included in the higher residence district, a funeral home is excluded from the residence districts. . . . [W]e affirm the order appealed from on the basis of [the trial court opinion], reported at Appeal of Angelone, 106 Montg. 104 (1979).

*Angelone v. Zoning Hearing Board of Springfield Township,* 53 Pa. Commonwealth Ct. 639, 640, 419 A.2d 231, 231 (1980) *(Angelone I).*

The parties agree that *Angelone I* does not have *res judicata* effect with respect to the present dispute, because the use advanced in the case under consideration is slightly different. In the original petition, a full-service funeral home was sought as a special exception, whereas in the present case appellant proposes neither embalming nor the maintenance of a casket showroom as part of the use.

Appellant's theory throughout these proceedings, however, is that, because he does not seek to do embalming on the premises, the "undertaking and embalming" inclusion in the B-1 Business District should be of no relevance. This argument, as we understand it, unfolds as follows: "Undertaking," is an obsolete term; appellant is, instead, a "funeral director." The first denominated element of the business district provision, alluded to above, appellant asserts, thus does not embrace the proposed activity. And, because no *embalming* will be done on the premises, the second denominated element of the provision can likewise have no application. Instead, the proposed use now constitutes a "professional office" within the provision therefor in the zoning ordinance.

While we respect appellant's desire to be regarded as a "funeral director" rather than an "undertaker," we decline to assign any difference to the two terms for purposes of the involved zoning ordinance. Although the term "undertaker" may be archaic, the draftsmen of the statute must certainly be viewed to have considered the activities proposed by the appellant as belonging in the Business District, regardless of the title under which the involved occupation is placed. Nor, in our view, does the willingness to refrain from embalming somehow cause the desired activity to come within the term "professional office" for purposes of the involved ordinance. The "conducting of funeral viewings" is clearly the occupation of an "undertaker"—though that term may be of obsolete parlance—under the terms of the ordinance.

Affirmed.

## ORDER

Now, August 29th, 1986, the order of the Montgomery County Court of Common Pleas, at No. 83-03427, dated May 29, 1985, is hereby affirmed.

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.:

I dissent. I believe the majority has adopted too narrow an interpretation of the term "professional office" as it appears in the Springfield Township Zoning Code.

The Zoning Code specifically limits "undertaking and embalming establishments" to B-1 Business Districts. However, Angelone's proposed business would not involve embalming or selling funeral merchandise and therefore does not take on the commercial character of a full-service funeral parlor. Moreover, I believe that the duties of a funeral director in organizing and arranging the "undertaking" are akin to the special skill practiced by other professionals, and his place of business can properly be termed a "professional office."