514 A.2d 1016

Appeal of Louis and Frances Jaffe from Decision of West Vincent Township Zoning Hearing Board. Louis and Frances Jaffe, Appellants.

Argued April 11, 1986, before Judges BARRY and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Daniel P. Mannix, V., Butler and Griffen,* for appellants.

*A. Bruce Niccolo, Moorshead and Niccolo,* for appellee.

OPINION BY JUDGE BARRY, September 12, 1986:

This is an appeal by Louis and Frances Jaffe, appellants, of an order of the Chester County Court of Common Pleas. The trial court dismissed the Jaffes' appeal from a decision of the appellee, the Zoning Hearing Board of West Vincent Township (ZHB), which denied the Jaffes' application for a use and occupancy permit for a caretaker's apartment within a building, recently constructed to board horses on the Jaffes' property.

The Jaffes, residents and property owners in a district zoned R-2 Residential in West Vincent Township, applied for a building permit to construct a house and a building designed to board horses. This application was granted on September 2, 1980. In December of 1981,

appellants sought a variance from the ZHB for an apartment located within this building to house a caretaker or groom for the horses. The request for a variance was denied. The Jaffes appealed to the Chester County Court of Common Pleas but abandoned this appeal. On October 14, 1982, the Jaffes applied for a use and occupancy permit pursuant to Sections 603.c and 603.f of the West Vincent Township Zoning Ordinance (Ordinance), which read:

603[.] *Permitted Uses*

. . . .

603.c Farming and agricultural use, including horticultural and nursery, provided proper techniques are utilized to minimize erosion and sedimentation, stream pollution and preservation of existing woodlands and a lot area of no less than five (5) acres is provided.

. . . .

603.f Accessory buildings and uses customarily incidental to the above uses.

This application was refused on November 15, 1982 by the zoning hearing officer. The Jaffes appealed to the ZHB. After holding two hearings, the ZHB ruled against the Jaffes, finding that since the Jaffes' property was principally residential the building was an accessory use and the apartment was, under the ordinance, an impermissible accessory use to an accessory use. The Jaffes' appeal to the Chester County Court of Common Pleas was denied but on different grounds. The trial court found that the building housing the horses was a "stable" as defined by Section 202 of the Ordinance, which reads:

*STABLE:* Any establishment including a building or structure and surrounding enclosures wherein horses or other equine animals are kept for the purpose of breeding, boarding, sale,

hunting or show purposes, and must be so constructed that such animals cannot stray therefrom.

The court said that since Section 602 of the Ordinance lists stables as a conditional use and the apartment was an accessory use to the stable, the request for a use and occupancy permit must be denied inasmuch as the Ordinance makes no provision for an accessory use to a conditional use. On appeal, the Jaffes maintain, as they have all along, that this structure is an agricultural use and the apartment is an accessory use to an agricultural use permitted under Sections 603.c and 603.f of the Ordinance. The Jaffes argue that even if this structure was considered a conditional use, under established case law, they are nevertheless entitled to the Use and Occupancy Permit because they proved that they complied with the objective requirements of the Ordinance and that there is no compelling evidence that the proposed use is a detriment to the community's health, safety and welfare.

Where the trial court takes no additional testimony, our scope of review is limited to whether the Zoning Hearing Board abused its discretion or committed an error of law. *Barnhart v. Zoning Hearing Board of Nottingham Township,* 49 Pa. Commonwealth Ct. 481, 411 A.2d 1266 (1980).

The Jaffes cite *Zoning Hearing Board of Mahoning Township v. Zlomsowitch,* 87 Pa. Commonwealth Ct. 123, 486 A.2d 568 (1985), and *Barnhart* to support their argument that the building has an agricultural use. This reliance on *Zlomsowitch* and *Barnhart* is misplaced. In *Zlomsowitch* the Mahoning Township Zoning Hearing Board challenged a trial court ruling which sustained the applicants' appeal from a Zoning Hearing Board denial of a building permit for a public stable on the applicants' property. Section 505 of the Mahoning

Township Ordinance stated that "buildings devoted to *farm use* shall be exempt from area regulations." The court stated:

> The ordinance does not define the term 'farm use' as used in Section 505(a); it must therefore be construed according to its plain, usually understood meaning. Farmland Industries, Inc. v. Zoning Hearing Board of Pequea Township, 65 Pa. Commonwealth Ct. 288, 442 A.2d 395 (1982). The term 'agricultural use' is synonomous [sic] with farm use as that term is used in Section 505(a). A stable is a familiar structure used for farm and agricultural purposes.

*Zlomsowitch,* 87 Pa. Commonwealth Ct. at 126, 486 A.2d at 569. The Jaffes argue that since this court defined a stable as "a familiar structure used for farm and agricultural purposes" we must hold that the Jaffe horse stalls are an agricultural use; however, contrary to the Ordinance in *Zlomsowitch,* Section 202 of the Ordinance specifically provides for a definition of "stable". In *Zlomsowitch* we emphasized that words must be given their plain meaning when not otherwise defined by the ordinance. Here, the ordinance's definition of stable includes the keeping of horses for *any* purpose, whether commercial or private. The Jaffes' building falls squarely within this definition.

In *Barnhart,* the issue was whether the boarding of horses was a permissible agricultural use under the statute. We found that the language of the ordinance permitted such a use because the relevant statute defined agriculture as including "pasturage" and the stipulated facts indicated that the horses were pastured on either a full-time or part-time basis. The Ordinance here (West Vincent Township) contains specific provisions defining "stables" which must be accepted in preference to the general definition defining "agricul-

ture". *See* Section 1933 of the Statutory Construction
Act of 1972, 1 Pa. C. S. §1933.

Given the definition of stable in the ordinance and
the provision setting forth the permitted conditional
uses, we do not believe that even a permissively broad
reading of the definitions of "agriculture" or "stable"
would include the Jaffes' proposed use of their build-
ing.[1] The trial court correctly interpreted and applied
the ordinance when it found that the proposed apart-
ment was an accessory use to a conditional use. The
court also properly concluded that an accessory use to a
conditional use, since not listed under the ordinance as
a permitted use, was, logically, an impermissible one.
The Jaffes object to this conclusion, citing *Gilbert v.
Montgomery Township Zoning Hearing Board*, 58 Pa.
Commonwealth Ct. 296, 427 A.2d 776 (1981), to sup-
port their claim that more than one principal use of land
is permitted. In *Gilbert*, the Zoning Hearing Board de-
nied the landowner's application for a special exception
because the ordinance precluded more than one princi-
pal use of a given lot. That ordinance read:

> Section 700. Use Regulations. A building may
> be erected, altered or used and a lot may be
> used or occupied for any of the following
> purposes and no other:
>
> . . . .
>
> I. The following uses when authorized as a Spe-
> cial Exception:
>
> . . . .

---

[1] The Court referred to Section 604(a) of the Ordinance, which
lists the conditional uses permitted in an R-2 residential district:
> Commercial stables and kennels provided they are situated
> no less than four hundred (400) feet from a public right-of-
> way and an adjoining property line.

Section 603 of the Ordinance does not list stables as a permitted
use.

3. Sales agency for new automobiles, service and repair shop, gasoline filling station, storage and public garage, including used car sales as an accessory use.

. . . .

6. Wholesale establishments, warehousing or merchandise, sale of building materials.

The landowner's existing use of this property was under clause 3 while his application sought permission to operate under clause 6, as well. We agreed that the trial court's decision in the *Gilbert* case was correct when it decided that the Zoning Hearing Board inexplicably attached a narrow meaning to otherwise broad statutory language when it interpreted the words "any of the following" to mean "any *one* of the following." *Gilbert* was a clear case of adhering to the language of the ordinance. Inasmuch as the trial court found that the Jaffes' new building was a conditional use, it does not restrict the Jaffes from using their property in a manner consistent with the other uses set forth in section 603 of the Ordinance. The Jaffes do not ask that we give the language of the Ordinance its natural effect but that we construe the ordinance in a manner which permits a use which is clearly omitted from the listed permitted uses.

In *Gilbert* we held that, "absent express limitations, permissive phrases in zoning ordinances are given their broadest meaning." *Gilbert*, 58 Pa. Commonwealth Ct. at 303, 427 A.2d at 780. We find that Section 202, which defines the Jaffes' property as a "stable," and Section 604, which designates such a use as conditional, are express limitations on the designation of the structure as an agricultural use under Section 202, or a permitted use under Section 603.

The Jaffes argue that under the rule of *Foster Grading Co. v. Venango Township Zoning Hearing Board*, 49

Pa. Commonwealth Ct. 1, 412 A.2d 647 (1980), they are entitled to the permit because they have demonstrated compliance with the reasonable standards set forth in the ordinance. In *Foster Grading,* we summarized the law in this area as follows:

> The applicant for a special exception has both the duty of presenting evidence and the burden of persuading the competent tribunal that his proposal complies with all objective requirements of the ordinance—that the use intended is one permitted by the Ordinance as a special exception and that all other objective requirements specifically required have been or will be supplied; the objectors to the application have both the duty of presenting evidence and the burden of persuasion, that the use will have a generally detrimental effect on health, safety and welfare or will conflict with expressions of general policy contained in the Ordinance.

*Foster Grading Co.,* 49 Pa. Commonwealth Ct. at 3-4, 412 A.2d at 649. However, in *Foster Grading,* a conditional use was defined as a special exception, thus vesting jurisdiction in the Zoning Hearing Board to entertain the request. Here, according to Section 405 of the Ordinance, a request for permission for a conditional use falls within the exclusive jurisdiction of the township legislative body—not the ZHB. The Jaffes simply did not follow the proper procedures for seeking a conditional use of the property when they appealed to the ZHB and have failed to show that the use intended is one permitted by the Ordinance as a special exception. Moreover, even if the Jaffes would have successfully proven that the building constructed met the requirements of a permissible conditional use, the apartment, as an accessory use to this conditional use, is not listed as a permitted use under the Ordinance.

We affirm the Zoning Hearing Board.

ORDER

NOW, September 12, 1986, the order of the Chester County Court of Common Pleas, dated June 10, 1985, denying the Jaffes' appeal from a decision of the Zoning Hearing Board of West Vincent Township, is affirmed.

Judge COLINS dissents.