## Philadelphia Fairfax Corporation, Appellant, *v.* McLaughlin et al.

Argued September 29, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*Theodore Voorhees,* with him *Barnes, Myers & Price,* for appellant.

*G. Coe Farrier,* Assistant City Solicitor, and *Joseph Sharfsin,* City Solicitor, for appellee, were not heard.

PER CURIAM, November 27, 1939:

The Zoning Board of Adjustment of Philadelphia granted a certificate of exception authorizing the issuance of a use registration permit to the intervening defendants, Leewright and Black, for the operation of an open air parking lot on the property of the Divinity School of the Protestant Episcopal Church at the southeast corner of Forty-third and Locusts Streets. At the public hearing, appellant, the owner of a large apartment house on the northeast corner, objected to the granting of the permit and appealed from the determination of the Zoning Board to the Court of Common Pleas.

The learned chancellor found that the neighborhood was "exclusively residential" in character, but concluded that the proposed use, under the restrictions of the Board and those imposed by his decree, would not amount to a nuisance per se or in fact and, therefore, it was permissible to operate a parking lot in the locality. Upon exceptions being taken to the chancellor's conclusion and argument being had thereon, the court in banc,

with the concurrence of the chancellor, handed down an amended finding that the neighborhood was a "mixed commercial and residential district"; and consequently dismissed the appeal from the grant of the certificate of exception, but modified the use registration permit to impose certain restrictions to insure that the lot would not become a nuisance in fact.

We have fully and carefully examined the entire record, as we must under the circumstances (*Pilling v. Moore*, 306 Pa. 406, 410) and are thoroughly convinced that the action of the court in banc was fully justified in amending the finding of the chancellor that the neighborhood was a "mixed commercial and residential district." It cannot be disputed that the neighborhood in question is a "mixed commercial and residential district." The findings are completely substantiated by numerous instances of commercial intrusions into the immediate vicinity of appellant's apartment house. A detailed recitation of all the incursions would be but a needless repetition of the learned opinion of the court in banc. It is sufficient to point out here that diagonally opposite from appellant's property there is a filling station and open air parking lot and that within one-half block are sundry stores and a large theater.

As we said in *Calvary Presbyterian Church v. Jones*, 322 Pa. 77, 80: "The question as to whether a particular locality is commercial or residential in character, and whether a proposed use of land within it would constitute an unreasonable infringement upon property rights of the inhabitants, is a matter which lies within the sound discretion of the court below, and its findings, when supported by evidence, will not be interfered with on appeal in the absence of manifest abuse of discretion: *Duty v. Vacuum Oil Co.*, 317 Pa. 21; *Nesbit v. Reiseman*, 298 Pa. 475, 487; *Ladner v. Siegel*, 293 Pa. 307, 311." See also *White v. Old York Road Country Club*, 318 Pa. 346.

Decree affirmed; appellant to pay costs.