Rogalski *v.* Upper Chichester Township, Appellant.

Submitted January 11, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, BOK, EAGEN and O'BRIEN, JJ.

*William A. Welsh,* for appellant.

*Francis J. Catania* and *Peter J. Nolan,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 13, 1962:

The appellee is the owner of an unimproved piece of land in Upper Chichester Township, Delaware County. He applied to the township's zoning board of adjustment for the grant of a special exception or a variance in order to permit him to erect a cinderblock building on the premises and to conduct thereon a business of cutting up and dismantling wrecked automobiles in order to sell, wholesale and retail, the parts thereof.

The zoning board conducted a full hearing which was stenographically transcribed. The board did not specifically pass upon the application for a variance. However, the record discloses no proof that warranted its issuance. See, *Silverco Inc. v. Zoning Board of Adjustment,* 379 Pa. 497, 109 A. 2d 147 (1954). The board refused to grant the special exception. It found that the by-products of the proposed business operation would involve acetylene-torch cutting, hammering and pounding, producing noxious odors, illumination and noise. Further, that the presence of cut-up and wrecked automobiles on the property would be unsightly. It concluded that such a business would not benefit the community in a manner as to qualify for the grant of an exception under the township's zoning ordinance.

The landowner appealed the board's ruling to the court of common pleas. The court conducted a short hearing at which counsel for both the board and the landowner were present. The following transpired: (1) A full description of the land was introduced into evidence; (2) A total of twelve photographs of the particular land involved and of other properties in the immediate area were identified by oral testimony and introduced into evidence over objection of the board's counsel; (3) Copies of the zoning ordinance and zoning map of the township were introduced into evidence;

(4) The hearing was continued indefinitely and the record left open at the request of the board's counsel in order to afford him the opportunity of subsequently making five other photographs part of the record. This was subsequently accomplished by stipulation.

The court later entered an order reversing the board's action, and remanded the record back with directions to grant the special exception under appropriate limitations and safeguards to be determined by the board. From this action, the township appeals.

The lower court considered the matter de novo and informed all counsel at the hearing that such was contemplated in view of the fact that additional testimony, although limited, was heard. Appellant submits this was error.

The legal significance of the question presented is readily manifest. If the court below did not have the legal right to consider the matter de novo, the scope of review on this appeal is limited to a determination of whether or not the *zoning board* abused its discretion or committed an error of law in refusing the exception: *Haas v. Zoning Board of Adjustment*, 403 Pa. 155, 169 A. 2d 287 (1961). Whereas, if the court was legally right in considering the matter de novo, then on appellate review, we are limited to a determination of whether or not the *court below* committed a manifest abuse of discretion or an error of law: *Volpe Appeal*, 384 Pa. 374, 121 A. 2d 97 (1956); *Richman v. Zoning Board of Adjustment*, 391 Pa. 254, 137 A. 2d 280 (1958); *Gage Zoning Case*, 402 Pa. 244, 167 A. 2d 292 (1961).

Appellant argues in support of this position that, while the court did take additional testimony, that nothing new was offered therein; that the board had everything before it for consideration that the court testimony disclosed; that, while the photographs were "new" evidence that they were made part of the record

merely for the purpose of familiarizing the court with the property and surrounding neighborhood and to place the court on an equal footing with the board, the members of which enjoyed personal firsthand knowledge of the sites the photographs intended to portray. It is submitted that the court must hear evidence of a substantial and significant nature in kind and degree so as to constitute a new record before it considers the issue de novo.

The difficulty with appellant's position is that the procedure in these cases on appeal to the common pleas court is prescribed by statute. The Act of June 24, 1931, P. L. 1206, §3107, as amended, 53 PS §58107, states that on appeal the court of common pleas may take testimony if it deems it necessary for a proper disposition of the appeal, and then may "reverse or affirm, in whole or in part, the decision appealed from *as to it may appear just and proper.*"[1] Not only are the words of the statute clear but, additionally, this Court has repeatedly held in a long line of decisions that if the court of common pleas takes *additional* testimony, then its duty is to decide the issue on the merits : *Volpe Appeal,* supra; *Lindquist Appeal,* 364 Pa. 561, 73 A. 2d 378 (1950) ; *Dooling's Windy Hill, Inc. v. Springfield Twp.,* 371 Pa. 290, 89 A. 2d 505 (1952) ; *Rolling Green Golf Club Case,* 374 Pa. 450, 97 A. 2d 523 (1953) ; *Archbishop O'Hara's Appeal,* 389 Pa. 35, 131 A. 2d 587 (1957).

Appellant's first contention must, therefore, be overruled. Our scope of review herein is limited to a determination of whether or not the court below abused its discretion or committed an error of law.

The land involved is in an area zoned "C-Industrial" but actually includes therein industries, commercial buildings and residences. Sixty-two different pursuits (trades, industries and businesses) including

---

[1] Emphasis ours

the maintenance and operation of a "junk yard" are specifically prohibited in this area, but the ordinance further states that if the maintenance of any of these pursuits will be of benefit to the community, then such may be authorized by the grant of a special exception.

The lower court concluded that in view of the character of the immediate neighborhood, which includes an oil company tank farm and storage plant, gas stations, etc., that the proposed use of the property would benefit the community at large and the industrial economy. We cannot say that in so doing the court abused its discretion or committed an error of law. The findings and factual conclusions are supported by the evidence and, since the issue was before the court on the merits, its determination was within its sound discretion. See, *Philadelphia Fairfax Corp. v. McLaughlin,* 336 Pa. 342, 9 A. 2d 538 (1939); *Silverco, Inc. v. Zoning Board of Adjustment,* supra; *Pincus v. Power,* 376 Pa. 175, 101 A. 2d 914 (1954); *Archbishop O'Hara's Appeal,* supra.

Needless to point out, automobile junk yards are not a nuisance per se: *Commonwealth v. Hanzlik,* 400 Pa. 134, 161 A. 2d 340 (1960). Also aesthetic reasons are not sufficient in themselves to support a conclusion that the operation and maintenance of certain business will be contrary to the best interests of the community: *Medinger Appeal,* 377 Pa. 217, 104 A. 2d 118 (1954).

Order affirmed.