## Lester Hauck, et ux., et al. *v.* Wilkes-Barre City Zoning Board of Adjustment.

Argued February 8, 1971, before President Judge Bowman, and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Manderino, and Mencer.

*Raymond J. Sabota,* Solicitor, Wyoming Valley Sanitary Authority, with him *Gifford Cappellini, Michael C. McHugh,* City Solicitor, *Chester B. Muroski,* Assistant City Solicitor, City of Wilkes-Barre, for appellant.

*B. Todd Maguire,* for appellees.

Opinion by Judge Crumlish, Jr., April 23, 1971:

This is an appeal from the order of the Court of Common Pleas of Luzerne County which refused a special exception for the construction and operation of a pumping station by the Wyoming Valley Sanitary Authority. The court below on the merits held that the request failed to meet the requirements set forth in the Wilkes-Barre Zoning Ordinance. We affirm.

In December, 1967, the Wyoming Valley Sanitary Authority applied to the Wilkes-Barre City Zoning

Board of Adjustment for a permit to use land located in an R-2 Residential district for an enclosed pumping station. Section 4.303 of the Wilkes-Barre City Zoning Ordinance of 1966 provides for special public utility uses in all districts subject to authorization by the Board of Adjustment and conformity with prescribed conditions. The Zoning Board of Adjustment after a lengthy hearing granted the Sanitary Authority its use permit.

The decision was appealed by local residents, appellees herein, to the Luzerne County Court of Common Pleas. The residents introduced, by stipulation, evidence consisting of the Authority's revised plan, the record of the condemnation proceedings arising subsequent to the Board's determination, and evidence of their standing to appeal as residents of the area. Thereupon the court undertook to consider the use request on its merits and reversed the decision of the Board, holding that the requested use failed to comply with requirements that it "conform with regulations applicable to the District where located, . . . be provided with adequate parking and loading facilities; . . . not create conditions adverse to the public health, safety, welfare or convenience, [and not] injuriously affect property values in the neighborhood." Section 4.303.

The Authority has not appealed this decision; however, the City through the zoning board and/or itself has instituted an appeal to this Court. Appellees have moved to quash this appeal upon the contention that neither the City nor the Board has standing to appeal. It is clear that the City of Wilkes-Barre has standing to appeal and therefore the motion to quash is denied. *Edwards Zoning Case*, 392 Pa. 188, 140 A. 2d 110 (1958); *Lansdowne Borough Board of Adjustment Appeal*, 313 Pa. 523, 170 A. 867 (1934); Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L. , No. 247, Art. X, Section 1003, 53 P.S. §11003.

The City argues that the court below improperly considered the case on its merits and should have limited its inquiry to the question of whether the *Board* had committed a manifest abuse of discretion or an error of law. We disagree. Where the Court of Common Pleas takes evidence it deems necessary for a proper disposition of the appeal, its duty is to decide the issue on the merits. *Rogalski v. Upper Chichester Twp.,* 406 Pa. 550, 554, 178 A. 2d 712 (1962). It is immaterial that this evidence consisted entirely of exhibits and plans entered by stipulation, *Cresko Zoning Case,* 400 Pa. 467, 470, 162 A. 2d 219 (1960) ; *Soroka v. Falls Township Zoning Board of Adj.,* 14 Bucks Co. L. Rep. 172 (1964) ; *Carter v. Yardley Borough Zoning Board of Adj.,* 14 Bucks Co. L. Rep. 14 (1964). "[T]he shape of the case with the new exhibits is not the same as without it." *Cresko Zoning Case, supra,* at page 470 ; see also, *Richman v. Zoning Board of Adjustment,* 391 Pa. 254, 137 A. 2d 280 (1958). The court below properly considered the appeal from the Board of Adjustment as an appeal on the merits.

The City further contends that the court below committed a manifest abuse of discretion in holding that the requested use did not comply with the requirements of Section 4.303. Specifically, it is argued that the protestants (appellees) did not present sufficient evidence that the use would be detrimental to the health, safety and welfare of the district, and that the requirement that the use not adversely affect property values is insufficient to support the refusal of the permit. However, assuming appellant is correct in these assertions, the court properly found that the planned use did not comply with the required set back regulations of the district and, therefore, failed to "conform with the regulations applicable to the District."

"A special exception is issued for an exceptional use which may be permitted within a particular district

if the board of adjustment determines its availability. Such uses are made available as a *privilege,* not as a right, assuming that the requisite facts and conditions detailed in the ordinance are found to exist." *Blair v. Board of Adjustment,* 403 Pa. 105, 106, 169 A. 2d 49 (1961).

The court below upon the record before it found that the Authority's requested use did not comply with the requisite conditions needed for institution of the use. This Court can only review that decision to determine whether the court below manifestly abused its discretion or committed an error of law in reaching that conclusion. *Cleaver v. Board of Adjustment,* 414 Pa. 367, 200 A. 2d 408 (1964) ; *Richman, supra.* It is apparent from the record that no such abuse or error was committed by the Court in its determinations that "no adequate parking is provided and the proposed use is not in conformity with the yard, lot and building requirements of the ordinance." Since the request did not conform to district regulations, its grant would have been in derogation of Section 4.303.

Therefore, the order of the Court of Common Pleas of Luzerne County denying the requested use is affirmed.