Boron Oil Company *v.* Baden Borough.

Argued November 1, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-SON, JR., MENCER, ROGERS and BLATT.

*Genevieve W. Settino,* for appellant.

*William C. Angel,* with him *Angel & Kerchner,* for appellee.

OPINION BY JUDGE WILKINSON, November 29, 1972:
It is unfortunate indeed that this case, involving the request for a special exception to construct a service station in a commercial zone, having been in litigation since May of 1970 and having been remanded once by the court below to the Board of Adjustment because of the insufficiency of the record, must now be remanded by this Court to the court below. The lower court reversed the Board of Adjustment which had twice denied the request for special exception, although the Board's findings after the second hearing seemed quite opposite to its findings on the first hearing, albeit the result was the same.

The reason that the case must be remanded is that although the lower court, as well as counsel for both appellant and appellee, treated the case as though no additional evidence was presented in the court below, in fact additional testimony was received on a most critical point, i.e., the relative location of the other service stations in the area. We were told on oral argument that this additional testimony was supplied in the form of a map at the specific request of the court below. The court below relies heavily on the information contained on this map to arrive at a different conclusion than the Board which had found that this seventh service station within a small area would cause an abnormal traffic pattern.

Very few principles of zoning law are as well established as the principle that if the lower court con-

siders any testimony that was not before the Board, the lower court must decide the case on the merits, normally making findings of fact and conclusions of law, so that this or any other appellate court can determine the basis for the lower court's decision and whether there is testimony to support it.

In the case of *Rogalski v. Upper Chichester Township*, 406 Pa. 550, 178 A. 2d 712 (1962), the Supreme Court considered a case quite similar on its facts in that the lower court had merely received a description of the land, photos of the area, and copies of the zoning ordinance. The lower court then proceeded to decide the case on the merits. The appellee raised the question of the lower court's right to decide this on the merits, since the additional testimony was so inconsequential and nothing really new had been offered. The Supreme Court held that there was no question that the lower court could consider the case on the merits. Indeed, it was mandated by the Act of June 24, 1931, P. L. 1206, Article XXXI, Section 3107, as amended, 53 P.S. 58107, citing many cases. (This statutory mandate is now contained in the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P. L.     , No. 247, Article X, Section 1009, 53 P.S. 11009.) Justice EAGEN, speaking for a unanimous court, stated: "The legal significance of the question presented is readily manifest. If the court below did not have the legal right to consider the matter de novo, the scope of review on this appeal is limited to a determination of whether or not the *zoning board* abused its discretion or committed an error of law in refusing the exception: Haas v. Zoning Board of Adjustment, 403 Pa. 155, 169 A. 2d 287 (1961). Whereas, if the court was legally right in considering the matter de novo, then on appellate review, we are limited to a determination of whether or not the *court below* committed a manifest abuse

of discretion or an error of law: Volpe Appeal, 384 Pa. 374, 121 A. 2d 97 (1956); Richman v. Zoning Board of Adjustment, 391 Pa. 254, 137 A. 2d 280 (1958); Gage Zoning Case, 402 Pa. 244, 167 A. 2d 292 (1961)." 406 Pa. at 553, 178 A. 2d at 713.

This case was followed by our Court in *Lester Hauck, et ux., et al. v. Wilkes-Barre City Zoning Board of Adjustment,* 2 Pa. Commonwealth Ct. 76, 276 A. 2d 576 (1971), wherein Judge CRUMLISH pointed out that it does not matter that the additional testimony consists merely of exhibits and plans entered by stipulation. To the same effect, *see Beebe, et al. v. Media Zoning Hearing Board and Hibberd, et al.,* 5 Pa. Commonwealth Ct. 29, 288 A. 2d 557 (1972).

In *Pantry Quik, Inc. v. Zoning Board of Adjustment of the City of Hazleton,* 1 Pa. Commonwealth Ct. 326, 274 A. 2d 571 (1971), this court divided on the narrow point of whether a lower court that had taken extensive testimony, but the hearing judge died before making findings of fact, the attorneys having stipulated that the surviving judges could decide the case on the record made before the deceased judge, would be required to make separate findings or expressly adopt those of the Board. The majority decided on these peculiar circumstances that the lower court would not be reversed. However, there is no reason in the case before us why the lower court should not make appropriate findings of fact and conclusions of law in deciding the case on the merits.

It is appropriate for us to state that it is quite apparent from his opinion that the able judge of the court below gave this matter serious consideration, and his discussion of the facts and the law reflect a clear comprehension of both. There can be little disagreement on the law, but it is obvious from previous contrary conclusions of the Board of Adjustment there not only

can be but there is room for substantial disagreement on the facts. It is tempting indeed for this Court to conclude this protracted litigation by converting the lower court's conclusion that the Board of Adjustment did not have sufficient evidence on which to base a denial of the permit to a decision by the lower court on the merits that appellee was entitled to the permit and by surmising what the court's findings would be based on the detailed discussion in the opinion. If we did so, we would be adding one more case to the long list which support the proposition: "Hard cases make bad law."[1]

Accordingly, the lower court's order of May 31, 1972, is vacated and set aside and the record remanded to the court below to decide the case de novo and on the merits, making appropriate findings of fact and conclusions of law.

---

[1] Chief Justice SIMPSON is said to have commented: "Hard cases make bad law, and we haven't had an easy case in years."