Wayne T. Lutz, Sr., Appellant, *v.* East Hanover Township Zoning Hearing Board, Lebanon County, Pa., Appellee.

502

Argued January 10, 1975, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Gerald J. Brinser,* for appellant.

*Samuel G. Weiss, Jr.,* with him *Samuel G. Weiss, Sr.,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 4, 1975:

This is a zoning appeal by Wayne T. Lutz, Sr. (Lutz) from an order of the Court of Common Pleas of Lebanon County, dated February 27, 1974, which affirmed a denial of a variance from a fifty (50) foot front yard setback requirement by the Zoning Hearing Board of East Hanover Township (zoning board), and upheld the constitutionality of the setback requirement challenged under *Schmalz v. Buckingham Township Zoning Board of Adjustment,* 389 Pa. 295, 132 A. 2d 233 (1957).

Lutz is the owner of an approximately 20,000 square feet lot located in a residential subdivision known as "Hoyer Heights Development" in an "A-Agricultural" district of East Hanover Township. Under Section 6.5 of the local zoning ordinance, lots within an "A-Agricultural" district must have a front yard depth of fifty

(50) feet. On May 21, 1973, Lutz applied for and was granted a building permit for a proposed single family dwelling. Attached thereto was a plot plan indicating a front yard setback of fifty (50) feet from the abutting right-of-way of Route T-582. The instant controversy erupted on June 23, 1973 when Lutz received a stop order from the Township zoning officer who had discovered that the house then under construction was only twenty-five (25) feet from the right-of-way. At this point, the basement had been excavated, the footers and foundation were in, and the house, which was pre-fabricated, was under roof. Lutz shortly thereafter applied to the zoning board for a variance on the ground that a stream and marsh running through the rear of his property made literal compliance with the front yard setback impossible. During the hearing before the zoning board, Lutz's son candidly admitted that, in staking out the required setbacks, the builder measured fifty (50) feet from the center line rather than the right-of-way of Route T-582 to match the setback of adjoining properties in the subdivision which had been built prior to the adoption of the zoning ordinance. On August 2, 1973, finding that any hardship was self-inflicted and that the physical conditions of the property were not unique, the zoning board denied a variance.

From this decision Lutz filed a timely appeal to the court below. The court conducted a hearing on December 24, 1973, at which two topographical maps prepared for Lutz, photographs of the subject property, and a letter from the Soil Conservation Service of the United States Department of Agriculture, detailing the property's proximity to the fifty year flood plan, were admitted into evidence. *Each of these exhibits was prepared subsequent to the decision of the zoning board.* The lower court ruled that the acceptance of these exhibits did not amount to the taking of additional evidence as they added "nothing to the record which was not known by the

504

Zoning Hearing Board." It thus reviewed the findings of the zoning board for manifest abuse of discretion or error of law, affirmed the denial of a variance, and upheld the constitutionality of the fifty (50) foot setback requirement.

With reluctance, we must remand to the court below because it received evidence on appeal from the zoning board's decision which was in law additional evidence requiring de novo consideration of the issues, and the scope of its review was not limited to a determination of whether the *zoning board* had abused its discretion or had committed an error of law. This Court has consistently held that photographs, area maps and other physical exhibits such as those involved here constitute additional evidence which, even if characterized as inconsequential or as adding nothing new to the case, require the court below to decide the case on its merits. *Boron Oil Co. v. Baden Borough,* 6 Pa. Commonwealth Ct. 583, 297 A. 2d 833 (1972) ; *Beebe v. Media Zoning Hearing Board,* 5 Pa. Commonwealth Ct. 29, 288 A. 2d 557 (1972) ; *Hauck v. Wilkes-Barre City Zoning Board of Adjustment,* 2 Pa. Commonwealth Ct. 76, 276 A. 2d 576 (1971). As we said in *Hauck:* "Where the Court of Common Pleas takes evidence it deems necessary for a proper disposition of the appeal, its duty is to decide the issue on the merits. Rogalski v. Upper Chichester Twp., 406 Pa. 550, 554, 178 A. 2d 712 (1962). It is immaterial that this evidence consisted entirely of exhibits and plans entered by stipulation, Cresko Zoning Case, 400 Pa. 467, 470, 162 A. 2d 219 (1960) ; Soroka v. Falls Township Zoning Board of Adj., 14 Bucks Co. L. Rep. 172 (1964) ; Carter v. Yardley Borough Zoning Board of Adj., 14 Bucks Co. L. Rep. 14 (1964). '[T]he shape of the case with the new exhibits is not the same as without it.' Cresko Zoning Case, supra, at page 470; see also, Richman v. Zoning Board of Adjustment, 391 Pa. 254, 137 A. 2d 280 (1958). The court below properly considered

the appeal from the Board of Adjustment as an appeal on the merits." 2 Pa. Commonwealth Ct. at 79, 276 A. 2d at 578.

Both the variance issue and constitutional challenge involved a determination of disputed factual matters which must be resolved de novo by the lower court: as to the first, whether the unique topography of the lot created an unnecessary hardship from a literal compliance with the full setback; as to the second, whether the conditions extant in the Township and the area immediately surrounding the lot provided any reasonable basis for the fifty (50) foot setback. Although our reading of the court below's comprehensive opinion satisfies us that there is sufficient factual basis upon which we could resolve the constitutional question, we consider it inappropriate to make that decision in light of the necessity of remand on the variance issue.

Consistent with the foregoing, we enter the following

ORDER

AND NOW, this 4th day of March, 1975, the order of the Court of Common Pleas of Lebanon County is vacated and set aside, and the record is remanded to it for proceedings consistent with this opinion.