Robert C. Boss and Marcella M. Boss, his wife, Appellants *v.* Zoning Hearing Board of The Borough of Bethel Park, Appellee.

Argued October 6, 1981, before President Judge CRUMLISH and Judges MENCER, ROGERS, BLATT and WILLIAMS, JR.

*John Daley, Brennan, Robins & Daley,* for appellants.

*Victor R. Delle Donne, Baskin and Sears,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 13, 1982:

Robert C. and Marcella M. Boss (owners) appeal from an Allegheny County Common Pleas Court order dismissing their appeal from a Zoning Hearing Board (Board) decision which upheld the Borough of Bethel Park's[1] zoning ordinance. We reverse and remand.[2]

---

[1] This case is controlled by the provisions of the Pennsylvania Municipalities Planning Code ("Code"), Act of July 31, 1968, P.L. 805, §101, *as amended,* 53 P.S. §10101, which, by definition, applies to boroughs. *See* Act of July 31, 1968, P.L. 805, §107, *as amended,* 53 P.S. §10107(13) (Supp. 1981-82).

[2] We note the confused state of the record presented for our review. It appears (although it is not entirely clear) that the owners have challenged the validity of the zoning ordinance and requested a curative amendment, so we will treat it as such. It pains an appellate court when it must assume, because of a muddled record, the unnecessary burden of solving procedural puzzles in addition to determining the substantive law.

The Borough Council denied the owners' request to have their property rezoned from single-family residential use to townhouse development. The owners then applied to the Board, challenging the Borough zoning ordinance's validity. After the Board denied their challenge, owners appealed to the common pleas court,[3] but the appeal was denied.

Owners' claim is two-fold: *first,* that the lower court erred procedurally by failing to decide the case on its merits although basing its opinion on facts developed through discovery *after* appeal was taken from the Board's decision; and, *second,* that the court committed substantive error by failing to sustain the challenge to the local zoning ordinance. Since we must remand because of procedural error, analysis of the substantive claim will not be undertaken.

When the court below considers additional evidence in a zoning appeal, we must determine on review whether that court committed legal error or abused its discretion. *Appeal of Nardozza,* 45 Pa. Commonwealth Ct. 482, 483, 405 A.2d 1020, 1021 (1979). We conclude that legal error was made.

Although it is obvious that the lower court's decision rested, at least in part, on the Borough's answers to the owners' interrogatories, the judge limited his review to a determination of whether the Board had committed legal error or abused its discretion. Where the court below takes additional evidence in a zoning

---

[3] The owners' request for a hearing *de novo* was granted originally and a referee was appointed by Judge WATSON, the administrative judge of all zoning appeals at that time. Discovery, by way of interrogatories and requests for document production, was taken by the owners in order to develop their position for the hearings. After two referees' appointments were revoked for failure to progress timely with the case, Judge PAPADAKOS assumed the administration of all zoning appeals. He then decided the case without a hearing, apparently determining that no further proceedings were necessary.

appeal, it must decide the case on the merits. *Lutz v. East Hanover Township Zoning Hearing Board,* 17 Pa. Commonwealth Ct. 501, 504, 333 A.2d 229, 230 (1975). Having taken additional evidence, it was the lower court's duty to determine the case *de novo* rather than to review only for the Board's possible commission of legal error or abuse of discretion. *Pantry-Quik, Inc. v. Zoning Board of Adjustment,* 1 Pa. Commonwealth Ct. 326, 329, 274 A.2d 571, 572 (1971). As Judge WILKINSON so aptly noted in *Boron Oil Co. v. Baden Borough,* 6 Pa. Commonwealth Ct. 583, 584-85, 297 A.2d 833, 834 (1972):

> Very few principles of zoning law are as well established as the principle that if the lower court considers any testimony that was not before the Board, the lower court must decide the case on the merits, normally making findings of fact and conclusions of law, so that this or any other appellate court can determine the basis for the lower court's decision and whether there is testimony to support it.

Additional evidence, even if characterized as inconsequential or as adding nothing new to the case, requires the lower court to decide the case on the merits since the posture of the case with the new evidence is not the same as without it. *Lutz,* 17 Pa. Commonwealth Ct. at 504, 333 A.2d at 230. Where, as here, the common pleas court took additional evidence but failed to make specific legal and factual findings, we must remand reluctantly so that the lower court may decide the case *de novo* on the merits, making appropriate fact findings and legal conclusions.

Reversed and remanded.[4]

---

[4] Owners claim that they are entitled to a hearing *de novo* on the merits of their challenge to the zoning ordinance. We have found no statutory provision requiring the lower court to conduct a hearing if additional evidence is received. However, in light of the own-

### ORDER

The Allegheny County Common Pleas Court order, Case No. SA 136 of 1977, dated December 15, 1980, is reversed and remanded for proceedings not inconsistent with this opinion.

Judge PALLADINO did not participate in the decision in this case.

---

ers' claim that they were denied the opportunity to challenge the data supplied in the Borough's answers to the interrogatories and to introduce their own data, we note for future reference that a failure to conduct a hearing will be carefully scrutinized under our authority to review the lower court's discretion for possible abuse thereof.