505 A.2d 645

Board of Supervisors of Upper Merion Township and Upper Merion Township and William W. Keil, Appellants *v.* Wawa, Inc., Appellee.

Argued December 9, 1985, before Judges DOYLE and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*James E. Meneses, Meneses & Dean, P.C.,* for appellants.

*Edward J. Hughes,* with him, *John G. Kaufman, Kaufman & Hughes,* for appellee.

OPINION BY JUDGE DOYLE, February 25, 1986:

This is an appeal from an order of the Court of Common Pleas of Montgomery County which sustained the appeal of Wawa, Inc. (Wawa) from a determination of the Zoning Hearing Board of Upper Merion Township (ZHB). The Court's order directed that (1) ZHB approve Wawa's second revised development plan submitted on October 23, 1984 and issue the necessary zoning and building permits for

Wawa's proposed convenience store and (2) the parties, or the court, if necessary, establish reasonable off peak hours for truck deliveries.

Wawa is seeking to build a convenience store at the intersection of Prince Frederick Street and Henderson Road in King of Prussia, Pennsylvania. In October of 1983 Wawa sought and received from the ZHB a use variance with the following conditions:

1. Elimination of a proposed driveway from Henderson Road, it being the opinion of the Board that a hazardous condition would be created.

2. Relocation of Prince Frederick Street driveway 'as far as possible' from the Henderson Road intersection.

3. Preservation of as many of the existing trees on the property as possible.

The variance was subject to modification by the Board of Supervisors at the time of development plan approval. Wawa accepted the above conditions and did not appeal. Wawa then submitted its development plan to the ZHB. Following a public hearing Wawa was notified by letter dated July 17, 1984 that the plan was denied for thirteen specific reasons. On August 9, 1984 Wawa appealed the ZHB decision and, in addition, filed a mandamus action to compel the ZHB to issue the necessary permits. On September 24, 1984 the trial court judge and all parties made an on site inspection of the premises. Included among those viewing the property were the engineers for both parties. During that view alternative layouts for the proposed construction were discussed. Subsequent to this the trial court consolidated the appeal and the mandamus action and remanded the matter to the ZHB for further action on an amended plan. The amended plan was submitted to the ZHB and denied for the following reasons:

1. Parking spaces directly in front of the driveway would cause vehicles maneuvering in and out of the parking spaces to block traffic entering the site, thereby impeding the safe and efficient circulation of vehicles both on and off the site;

2. The accessway on Prince Frederick Street was not moved far enough away from Henderson Road to allow existing traffic turning left to safely enter the traffic flow, impeding the safe and efficient ingress and egress from the site;

3. The existence of dead end parking spaces in front of the proposed building and also along the side, which impede safe and efficient circulation of vehicles along site, especially when delivery trucks are present in the loading area;

4. The revised width of the driveway from 30 feet to 35 feet, failed to meet the recommendations of the Township's consulting traffic engineer and of the Township's traffic safety unit to increase the width to 40 feet, thereby impeding the safe and efficient ingress and egress to and from the site;

5. The proposed 3 1/2 foot rear setback failed to provide sufficient area for access in order to maintain the structure (although the applicable zoning code contains no specific setback requirements);

6. The proposed ground sign was in violation of the Township's sign code;

7. The driveway had not been moved 'as far as possible' from Henderson Road contrary to the condition imposed by the Zoning Hearing Board in granting Wawa's variance.

Wawa filed a supplemental appeal and in a decision rendered May 30, 1985 the trial court reversed the ZHB and directed that the plan be approved.

There is no question in this case that the trial court made findings of fact different than those of the ZHB. Under Section 1010 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11010 (MPC), the trial court is permitted to make its own findings only if it has taken additional evidence or if no findings were made below. Under existing case law receipt of any additional evidence requires the court to hear the matter de novo. *Lutz v. East Hanover Township Zoning Board,* 17 Pa. Commonwealth Ct. 501, 333 A.2d 229 (1975). And where the trial court does hear the case de novo our Court's scope of review is confined to determining whether it abused its discretion or committed an error of law. *Harrisburg Fore Associates v. Board of Supervisors of Lower Paxton,* 21 Pa. Commonwealth Ct. 137, 344 A.2d 277 (1975). In the instant case the trial court did not take testimonial evidence nor did it accept plans, maps, sketches or other documents. It did, however, personally view the premises. The issue is thus whether the unobjected to view of the premises conducted by the trial court with the knowledge of both parties and in their presence constitutes the receipt of additional evidence under Section 1010 of the MPC. We hold that it does. As we stated in *Lutz,* where we rejected the lower court's characterization of its role as reviewing rather than de novo:

> This Court has consistently held that photographs, area maps and other physical exhibits . . . constitute additional evidence which, *even if characterized as inconsequential or as adding nothing new to the case,* require the court below to decide the case on its merits.

*Lutz* at 504, 333 A.2d at 230 (emphasis added). *See also Boss v. Zoning Hearing Board of the Borough of Bethel Park*, 66 Pa. Commonwealth Ct. 89, 443 A.2d 871 (1982) (having taken additional evidence the lower court is under a *duty* to decide the case de novo). Certainly if a mere photograph which adds "nothing new" requires de novo consideration of the matter by the lower court, so must an on site inspection of the subject premises which would presumably offer a more complete picture and better understanding of the situation.

Additionally, we note by way of analysis that a jury view in an eminent domain case is considered evidence. *See* Section 703(1) of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-703(1). To suggest that a view when made by a jury in an eminent domain case is evidence, but when conducted by a trial judge in a zoning case is not, results in an illogical distinction. Moreover the parties in this case certainly would not have agreed without objection to permit the trial judge to visit the site if they did not want him to consider what he saw. Common sense dictates that under the circumstances here the parties *intended* the view to be additional evidence. Finally, as to Upper Merion Township's argument that the trial court made its determination without the benefit of expert studies, no law is cited, nor are we aware of any, requiring that the trial court base its findings on this type of evidence. Having thus concluded that the trial court did take additional evidence and, hence, acted properly in making its own factual determinations, we affirm its order.[1]

---

[1] Fortunately, we need not review each factual finding to see if it is supported inasmuch as Upper Merion Township does not attack the findings in this respect, but argues only that in making *any* findings at all the trial court impermissibly substituted its judgment for that of the ZHB.

## ORDER

Now, February 25, 1986, the order of the Court of Common Pleas of Montgomery County dated May 30, 1985 is hereby affirmed.