Donald PANZONE

v.

**FAYETTE COUNTY ZONING HEARING BOARD,**
Appellant.

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 2008.

Decided March 17, 2008.

Gretchen A. Mundorff, Connellsville, for appellant.

Jason F. Adams, Uniontown, for appellee.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge SIMPSON.

In this zoning case, the Fayette County Zoning Hearing Board (ZHB) asks whether the Court of Common Pleas of Fayette County (trial court) erred in sustaining Donald Panzone's (Landowner) land use appeal after a de novo hearing at which no one appeared on behalf of the ZHB. The ZHB asserts a remand is necessary because its solicitor did not receive notice of the order scheduling the de novo hearing, and, therefore, it did not have an opportunity to participate in the hearing. Because the record supports the ZHB's assertion that it did not receive notice of the trial court's de novo hearing, and therefore, did not have an opportunity to be heard before the trial court, we vacate and remand.

Landowner owns the property located at 220 Timber Lane, Brownsville, Redstone Township, Fayette County (Subject Property), which lies in an R–2 Medium Density Residential Zone.

In September 2006, the County Office of Planning, Zoning and Community Development issued Landowner an enforcement notice, advising him he was in violation of the Fayette County Zoning Ordinance (Ordinance) for keeping horses on property in an R–2 zone. Landowner appealed to the ZHB, seeking reversal of the enforcement notice and a "special exception as a vested right or . . . a variance by estoppel." Reproduced Record (R.R.) at 37a.

After hearing,[1] the ZHB issued a decision in which it made the following findings. "Under the Ordinance, a[s]pecial [e]xception as vested right or variance by estoppel for the keeping of horses is permitted requiring [ZHB] approval in a[n] 'R–2' . . . Zone." ZHB Op., Finding of Fact (F.F.) No. 1.

Landowner purchased the Subject Property approximately 34 years ago. The Subject Property, which is three-and-a-half acres in size, is improved with a barn and residence. Landowner kept horses on the Subject Property from the time of purchase.

---

1. The transcript of the ZHB hearing is in the reproduced record, but *not* in the certified record. In his brief, Landowner asserts the ZHB did not transmit the transcript of the ZHB hearing to the trial court despite the fact the Prothonotary's Office directed it to do so.

Since purchasing the Subject Property, Landowner was unaware of its zoning classification. In addition, Landowner did not receive notice of any zoning violations until he received the enforcement notice in September 2006.

Landowner intends to house a maximum of three horses on the Subject Property and intends to collect horse manure in sealed containers until disposed of off-site. Landowner agreed if he received approval, such approval would only be valid during his lifetime and would be non-transferable.

In opposition to Landowner's appeal, an adjoining property owner testified he previously lodged complaints with the Township and the County regarding the keeping of horses on the Subject Property. The adjoining property owner expressed concern over the potential health hazards of stockpiling horse manure on the Subject Property.

Ultimately, the ZHB denied Landowner's requests for relief. In so doing, the ZHB rejected Landowner's testimony that he would properly dispose of horse manure generated on the Subject Property. Thus, the ZHB determined Landowner's use of the Subject Property was inconsistent with Section 102 of the Ordinance, which requires the "promotion of the public safety, health, convenience, comfort, morals, prosperity and general welfare." In addition, the ZHB credited the adjoining property owner's testimony that he previously complained to local officials about Landowner's use of the Subject Property.

Landowner filed a notice of land use appeal to the trial court. In addition, he later filed a supplemental notice of land use appeal.

On January 19, 2007, the trial court issued an order directing a hearing on the matter be held on March 27, 2007 at 9:30 a.m. The Prothonotary served a copy of the order on Attorney Sheryl Heid, an Assistant County Solicitor.

At the time of the scheduled hearing, Landowner appeared with counsel. However, no one appeared on behalf of the ZHB. Nevertheless, the trial court conducted a *de novo* hearing on Landowner's appeal. After hearing, the trial court issued an order sustaining Landowner's appeal and granting him a variance by estoppel for his lifetime or as long as he owns the Subject Property provided he continues to remove horse manure from the Subject Property.

Thereafter, on April 11, 2007, Attorney Gretchen Mundorff, the ZHB Solicitor, filed an Emergency Petition for Reconsideration with the trial court, asserting the Prothonotary made a clerical error by inadvertently forwarding notice of the hearing to Attorney Heid rather than to Attorney Mundorff. Attorney Mundorff asserted due to this error she did not receive notice of the hearing. She further alleged the ZHB suffered prejudice as a result of the error by the Prothonotary's Office because it did not have an opportunity to have counsel present at the hearing. Attorney Mundorff asserted she did not receive notice of the trial court's order sustaining Landowner's land use appeal until April 10, 2007. Thus, Attorney Mundorff asked the trial court to reconsider Landowner's appeal and schedule a hearing to allow the ZHB to present its case. The trial court denied the petition.

The ZHB filed a notice of appeal to this Court to both of the trial court's orders (the order sustaining Landowner's land use appeal and the order denying reconsideration). The trial court directed the ZHB to file a Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P. 1925(b), which was timely filed. The trial

court subsequently issued a 1925(a) opinion in which it stated:

> [T]he [ZHB] contends that due to the errors of the [trial court], and the errors of the Office of the Prothonotary ... it had no opportunity to attend the hearing of March 27, 2007. From the record, it is patently clear that these contentions lack any merit.
>
> Initially, notice of the Land Use Appeal was served upon Gretchen Mundorff, Esquire, on December 22, 2006. Thereafter, on January 10, 2007, a supplement to Land Use Appeal was served upon her. Hence, Attorney Mundorff certainly knew that [Landowner] had appealed the decision of the [ZHB].
>
> Further, this Court's Order scheduling an evidentiary hearing on the appeal was served upon Attorney Sheryl Heid, one of the Solicitors of Fayette County. We would note that Fayette County is a small county with a population hovering around 150,000 people, with a small in numbers Bar.
>
> At the time Attorney Mundorff presented her Petition for Reconsideration, some two weeks after the Court's Order sustaining the Appeal, she was at a loss as to why Attorney Heid did not contact her concerning the Order scheduling the evidentiary hearing. Additionally, one of the attorneys representing [Landowner], Jason Adams, Esquire, was prepared to testify that he had spoken with Attorney Mundorff about the upcoming *de novo* hearing. He would further testify that she thought it unusual for the Court to have a *de novo* hearing and not simply review the record. (We would note that there was not a record of the testimony before the [ZHB]). This conversation was confirmed by Attorney Mundorff. ·
>
> With all this information, [the] County, through any of its Solicitors, took no action to appear at the hearing, or even to ascertain that a hearing had been scheduled. Contrary to the contentions of the [ZHB] that the Court and the Prothonotary committed errors, any errors that were committed were committed by [the ZHB] and its Solicitors.
>
> We would also point out that [the ZHB] does not contend, based on its statement of matters complained of on appeal, that the evidence presented at the *de novo* hearing was not sufficient to support the Court's Order granting relief.

Tr. Ct., Slip Op. at 4–5 (citations omitted).

On appeal,[2] the ZHB argues that due to a clerical error by the Prothonotary's Office the order scheduling the hearing in this matter was served upon Attorney Sheryl Heid, an Assistant County Solicitor, who represents the County Office of Planning, Zoning and Community Development. It asserts the ZHB Solicitor, Attorney Mundorff, did not receive notice of the hearing. The ZHB notes the County does not maintain an office in the courthouse for Attorneys Heid or Mundorff, and, as a result, all mail, including orders from the Prothonotary's Office, is forwarded directly to each counsel's respective law office, located in different parts of the county. Thus, it maintains, Attorney Mundorff had no knowledge Attorney Heid received the trial court's order scheduling the hearing, and, therefore, had no notice a hearing would occur on March 27, 2007. The ZHB argues at no time did Attorney Heid or any member of her private law firm contact Attorney Mundorff to inform her that

---

**2.** Where, as here, a trial court accepts additional evidence, our review is limited to determining whether the trial court abused its discretion or committed an error of law. *Crystal Forest Assocs., LP v. Buckingham Twp. Supervisors,* 872 A.2d 206 (Pa.Cmwlth.2005).

Attorney Heid received the trial court's scheduling order.

The ZHB further argues at the time of hearing neither the trial court nor Landowner's Counsel attempted to contact the ZHB Solicitor to advise her that a hearing would be conducted. Despite the absence of the ZHB Solicitor and the ZHB's witnesses, the ZHB contends, the trial court conducted what it termed a "full" hearing and entered an order sustaining Landowner's appeal. The ZHB maintains the trial court erred in sustaining Landowner's land use appeal after hearing only one side of the case.

Landowner does not dispute the basic facts as to what occurred procedurally. Landowner argues Attorney Mundorff received his notice of land use appeal and his request for a de novo hearing.

He further maintains the trial court's order fixing the hearing date was served on Attorney Heid, an Assistant County Solicitor, who also appears before the trial court on zoning matters. Landowner points out Attorney Heid did not provide a copy of the notice of hearing to Attorney Mundorff, and there is no explanation from Attorney Heid or Attorney Mundorff as to why this did not occur. Landowner asserts service on Attorney Heid constituted proper service of the hearing notice on the ZHB.

Landowner contends it is Attorney Mundorff's primary complaint that she did not receive the order from the Prothonotary's Office advising her of the date of the de novo hearing. He maintains Attorney Mundorff did not, however, deny she was aware a hearing was fixed and that it was a de novo hearing. Landowner maintains Attorney Mundorff learned of this information through Landowner's Counsel, who advised her that the trial court fixed a date and time for the hearing and the hearing would be de novo. Landowner argues once Attorney Mundorff learned a de novo hearing was fixed, she was derelict in her duty in not ascertaining the time and place of the hearing. Landowner maintains when advised of the fact that a de novo hearing was set, the ZHB Solicitor did not inquire of Landowner's Counsel as to the time and date of the hearing nor did she inquire of the trial court.

■■■ Fundamentally, due process affords a party notice and an opportunity to be heard. Weaver v. Franklin County, 918 A.2d 194 (Pa.Cmwlth.), appeal denied, 593 Pa. 751, 931 A.2d 660 (2007). Due process principles require an opportunity, among other things, to hear evidence adduced by an opposing party, cross-examine witnesses, introduce evidence on one's own behalf, and present argument. See Callahan v. Pa. State Police, 494 Pa. 461, 431 A.2d 946 (1981).

With regard to notice of the trial court's order scheduling the hearing de novo here, Pennsylvania Rule of Civil Procedure 236 states, with emphasis added:

(a) The prothonotary shall immediately give written notice of the entry of

(1) a judgment entered by confession to the defendant by ordinary mail at the address stated in the certificate of residence filed by the plaintiff together with a copy of all documents filed with the prothonotary in support of the confession of judgment. The plaintiff shall provide the prothonotary with the required notice and documents for mailing and a properly stamped and addressed envelope; and

(2) any other order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment.

\*     \*     \*     \*     \*     \*

Pa. R.C.P. No. 236. This Rule requires notice be sent to each party or to the party's *attorney of record* and that the giving of notice be noted in the docket. *See Hepler v. Urban,* 530 Pa. 375, 609 A.2d 152 (1992). The attorney of record is the attorney listed in the docket. *Fraternal Order of Police, Lodge No. 5 v. City of Phila.,* 655 A.2d 666 (Pa.Cmwlth.1995).

■ Here, when Landowner appealed the ZHB decision, he filed a notice of land use appeal with the trial court which he served on Attorney Mundorff, the ZHB Solicitor. In addition, Landowner's supplemental land use appeal was served on Attorney Mundorff. As a result, the docket lists Attorney Mundorff as the attorney of record for the ZHB. Nevertheless, the Prothonotary's cover sheet to the order scheduling the *de novo* hearing indicates the order was sent to Attorney Sheryl Heid, rather than ZHB Solicitor Attorney Mundorff. R.R. at 49a–50a. As such, notice of the hearing was not sent to the ZHB's attorney of record. Thus, we believe the trial court abused its discretion in refusing the ZHB's request to participate in the *de novo* hearing where the record reveals the order scheduling the hearing was not sent to the attorney of record.

This conclusion is consistent with a significant new trend in Supreme Court decisions toward due process concerns for notice and hearing and away from finality, as exemplified in *Luke v. Cataldi,* 593 Pa. 461, 932 A.2d 45 (2007) (conditional use permit granted in violation of Pennsylvania Municipalities Planning Code [3] notice and hearing requirements may be challenged beyond statutory 30–day appeal period), and *Glen–Gery Corp. v. Zoning Hearing Board of Dover Township,* 589 Pa. 135, 907 A.2d 1033 (2006) (party may bring procedural validity challenge implicating notice or other due process requirements beyond 30–day period in statute).[4] The trial court here did not have the benefit of the *Luke* decision when it made its ruling.

Further, we believe the trial court's reasoning in denying the ZHB's request is flawed. More specifically, although the ZHB Solicitor received notice of Landowner's appeal to the trial court, that does not mean the ZHB Solicitor was aware of the hearing scheduled on the appeal. In addition, the trial court's order scheduling the hearing was sent to Attorney Heid, another County Solicitor, who does not represent the ZHB. Indeed, in an affidavit attached to the ZHB's reply brief, Attorney Heid states she represents the County's Office of Planning, Zoning and Community Development, *not* the ZHB. Appellant's Reply Br., Ex. A.

---

**3.** Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202.

**4.** A zoning hearing board generally lacks standing to seek reversal of an adverse decision by a trial court in an appeal involving its own decision. *See Dep't of Gen. Servs. v. Ogontz Area Neighbors Ass'n,* 505 Pa. 614, 483 A.2d 448 (1984); *Atticks v. Lancaster Twp. Zoning Hearing Bd.,* 915 A.2d 713 (Pa. Cmwlth.2007). Here, however, Landowner does not challenge the ZHB's standing to appeal the trial court's order; therefore, the issue is waived. In addition, our Supreme Court holds that we may not raise the issue of standing on our own motion. *See In Interest of A.P.,* 589 Pa. 281, 908 A.2d 284 (2006) (*per curiam* ) (court erred in raising issue of appellant's standing to appeal on its own motion, and then quashing the appeal on that ground) (citing *In re Nomination Petition of deYoung,* 588 Pa. 194, 903 A.2d 1164 (2006)) (court is prohibited from raising issue of standing on its own motion).

Further, as discussed above, the ZHB did not receive notice and an opportunity to be heard before the trial court. *See Luke; Glen–Gery; Schadler v. Zoning Hearing Bd. of Weisenberg Twp.,* 578 Pa. 177, 850 A.2d 619 (2004). Under these circumstances, the ZHB, a named party, is aggrieved by a denial of due process rather than by the substance of the trial court's order.

Moreover, the ZHB asserts the County does not maintain an office in the courthouse for any of the County Solicitors, and, as a result, all mail, including orders from the Prothonotary's Office, is forwarded directly to each counsel's private law office. Thus, it appears the ZHB Solicitor was unaware that Attorney Heid received the trial court's order scheduling the hearing. Finally, while Landowner's counsel represented to the trial court that he did, in fact, have a conversation with the ZHB Solicitor regarding the *de novo* hearing, he also conceded the ZHB Solicitor was unaware of the hearing date. Certified Record, Item # 14 at 9–10.

The ZHB also points out that after taking additional evidence at the *de novo* hearing, the trial court did not set forth findings of fact or conclusions of law in either its order or its opinion in support of its order. As such, the ZHB contends, this Court should remand this case to the trial court for a full hearing and require the trial court to set forth findings in its decision.

Where a trial court takes any additional evidence on the merits, it must determine the case *de novo*, making its own findings of fact based on the record made before the board as supplemented by the additional evidence; this Court must then determine on appeal whether the trial court, not the board, committed an error of law or an abuse of discretion. Section 1005–A of the (MPC)[5]; *Mitchell v. Zoning Hear-*

*ing Bd. of Borough of Mt. Penn,* 838 A.2d 819 (Pa.Cmwlth.2003).

Here, the trial court held a *de novo* hearing on the merits of Landowner's zoning appeal. Thus, the trial court was required to issue a decision containing findings of fact and conclusions of law so as to explain its rationale for granting the variance by estoppel. In the absence of such determinations, appellate review cannot properly be conducted. Therefore, a remand is necessary for the trial court to issue a decision that contains appropriate factual findings and legal conclusions. *See, e.g., Boss v. Zoning Hearing Bd. of Borough of Bethel Park,* 66 Pa.Cmwlth. 89, 443 A.2d 871 (1982) (where trial court did not make specific legal and factual findings, case had to be remanded for trial court to decide the case *de novo* on the merits, making appropriate fact findings and legal conclusions).

Based on the foregoing, we vacate and remand for a full hearing in which the ZHB may participate, followed by a decision by the trial court that contains appropriate factual findings and legal conclusions.[6]

### ORDER

AND NOW, this 17th day of March, 2008, the order of the Court of Common Pleas of Fayette County (trial court) is **VACATED.** The case is **REMANDED** to

---

**5.** Section 1005–A of the MPC was added by Section 101 of the Act of December 21, 1988, P.L. 1329, as *amended,* 53 P.S. § 11005–A.

A trial court's receipt of any additional factual evidence on the merits of a zoning appeal is sufficient to require the trial court to make its own findings of fact. *E.g., Rogalski v. U. Chichester Twp.,* 406 Pa. 550, 178 A.2d 712 (1962) (introduction of description of land, photographs, maps and copies of the zoning ordinance); *Bd. of Supervisors of U. Merion*

*Twp. v. Wawa, Inc.* 95 Pa.Cmwlth. 263, 505 A.2d 645 (1986) (trial court's view of the subject property); *Lutz v. E. Hanover Twp. Zoning Hearing Bd.,* 17 Pa.Cmwlth. 501, 333 A.2d 229 (1975) (admission of maps, photographs and letters prepared after board's decision).

**6.** Based on our disposition of this matter, we need not address the ZHB's remaining arguments.

the trial court for proceedings consistent with this opinion.

Jurisdiction is relinquished.