*641 SHEPHERD, J., specially
concurring.
I concur in the decision of the majority in this case. However, I am troubled by the implicit premise from which both the majority and dissent reason, namely that the constitutionality of the ordinances in this case rests upon a present-day judgment concerning their validity. See Gen. Dynamics Land Sys., Inc. v. Cline, 540 U.S. 581, 600, 124 S.Ct. 1236, 157 L.Ed.2d 1094 (2004) (interpreting statute in light of its “text, structure, purpose, and history”); see also Rinlcer Materials Corp. v. City of N. Miami, 286 So.2d 552, 553 (Fla.1973) (applying same principles of interpretation to a city ordinance). These ordinances were adopted more than three decades ago. They pre-date the widespread use of pickup trucks as a normal mode of transportation. The dissent concedes the ordinances “might have made some sense and might have been rationally related to aesthetics as applied to then-existing [prior to the 1970’s] vehicles.” See infra p. 854. But, concluding “we’re not in Kansas anymore,” it would strike down the ordinances as applied to pickup trucks today. See infra p. 854. I do not agree. Pickup trucks existed when the ordinances were adopted. There are simply more today. It is up to the Coral Gables City Commission to decide whether to make any change in their ordinances. See Gregg v. Georgia, 428 U.S. 153, 175, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) (joint opinion of Stewart, Powell, and Stevens, JJ.) (quoting Furman v. Georgia, 408 U.S. 238, 383, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) (Burger, C.J., dissenting) (“[I]n a democratic society legislatures, not courts, are constituted to respond to the will and consequently the moral values of the people.”)).
I am more concerned by the enthusiasm with which the majority embraces these ordinances. I do not believe the ordinances “make perfect sense.” See supra p. 845. In fact, it is not our place to so decide. Aesthetic judgments necessarily are subjective in nature, defying objective evaluation. See Metromedia, Inc. v. City of San Diego, 453 U.S. 490, 510, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981); see also Palmetto Dunes Resort v. Brown, 287 S.C. 1, 336 S.E.2d 15, 19, n. 2 (1985) (quoting I. Kant, The Critique of Judgment 41 (Judge J.C. Meredith Trans. 1952)) (“The judgment of taste ... is not a cognitive judgment, and so not logical, but is aesthetic— which means that it is one whose determining ground cannot be other than subjective.”). Legislation of aesthetics risks the replacement of a property owner’s views with the views of a public official. Zoning based upon aesthetics also infringes upon personal freedom.
Because of the problems for judicial review presented by subjective policy-making — like that contained in the ordinances being reviewed here — some states constitutionally eschew zoning restrictions based solely upon aesthetic considerations. These states require, as a matter of constitutional principle, that such zoning restrictions be tied to a traditional state police power. Bd. of Supervisors of James City County v. Rowe, 216 Va. 128, 216 S.E.2d 199, 213 (1975) (holding a design restriction ordinance invalid where the principal purpose of the ordinance was to achieve a particular aesthetic appearance instead of protecting property values or other legitimate function of the police power); see City of Jackson v. Bridges, 243 Miss. 646, 139 So.2d 660, 664 (1962) (concluding a rezoning decision was invalid where the proposal to rezone was due to “aesthetic or group caprice,” not a public health, safety, moral or general welfare reason); see also Coscan Wash., Inc. v. Md.-Nat’l Capital Park & Planning Comm’n, 87 Md.App. 602, 590 A.2d 1080, 1088 (1991); Rogalski v. Twp. of Upper Chichester, 406 Pa. 550, 178 A.2d 712, 714 (1962); see generally *642 John J. Costonis, Law and Aesthetics: A Critique and a Reformulation of the Dilemmas, 80 Mich. L. Rev. 355 (1981). Florida does not. Accordingly, under Florida law, I am honor-bound to join the majority in this case.
If I were a member of the Coral Gables City Commission, I might argue it is improvident to maintain the ordinances before us on the City’s books. As a member of this Court, I am not privileged to do so. However, under our system of government, it is our expectation as citizens that improvident decisions of local government, as distinguished from unlawful decisions, “will eventually be rectified by the democratic process and that judicial intervention is generally unwarranted no matter how unwisely we may think a political branch has acted.” FCC v. Beach Commc’ns, Inc., 508 U.S. 307, 314, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993) (quoting Vance v. Bradley, 440 U.S. 93, 97, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979)). This is as it should be.
I concur in the judgment of the majority-