Robert C. Boss and Marcella M. Boss, his wife, Appellants *v.* Zoning Hearing Board of the Borough of Bethel Park, Appellee.

Argued October 8, 1985, before President Judge Crumlish, Jr. and Judge Colins, and Senior Judge Kalish, sitting as a panel of three.

*Nathaniel B. Smith*, with him, *John Daley, Brennan, Robins & Daley,* for appellants.

*Victor R. Delle Donne,* with him, *Joel.P. Aaronson, Baskin and Sears, P. C.,* for intervening appellee, Municipality of Bethel Park.

Opinion by Senior Judge Kalish, December 9, 1985:

Appellants are the owners of a dwelling located in an R-3 district on Highland Road, in an area zoned for one-family dwellings. Townhouses are not per-

mitted in the R-3 district but are permitted in the R-T Townhouse Dwelling district.

Appellants contested the validity of the Zoning Ordinance and also requested a rezoning of their property from R-3, which restricts the use of Highland Avenue on which the property was located, to R-T, which would permit the construction of Townhouses. The Zoning Board upheld the validity of the ordinance and denied appellants' request.

After appeal to the Common Pleas Court, the only new evidence were answers of the Borough to interrogatories propounded by appellants. The trial court found for the appellees, but since no findings were made it was remanded by this court for such findings. *Boss v. Zoning Hearing Board of Bethel Park*, 66 Pa. Commonwealth Ct. 89, 443 A.2d 871 (1982). The trial court, based on its original opinion, again found for the appellees.

While the trial court made no specific findings as such, findings may be gleaned from its opinion.

Appellants challenge the validity of the Zoning Ordinance in that it does not provide for sufficient Townhouse usage in the Borough and that the classification of its property as R-3 was arbitrary and discriminatory.

The appellees contend that the ordinance is not exclusionary since the ordinance provides for specific and substantial zoning districts designated for Townhouse development.

We affirm the trial court.

The basis for all zoning regulations is the exercise of the police power. Where the ordinance bears no substantial relationship to the health or general welfare of the community there may be a deprivation of property rights without due process of law. *Surrick v. Zoning Hearing Board of Upper Providence Township*, 476 Pa. 182, 382 A.2d 105 (1977). It is in this

light that restrictive zoning techniques should be examined. *Surrick; Martin v. Township of Millcreek,* 50 Pa. Commonwealth Ct. 249, 413 A.2d 764 (1980).

Since the ordinance involves a partial, rather than a total exclusion[1] of Townhouses, a challenge to the validity of the ordinance must overcome the presumption of constitutional validity. The objector must bring forth evidence to show an unreasonable relationship between the restriction and the health and welfare of the community since it is presumed that the Borough's legislative body acted in the public interest. *Beaver Gasoline Co. v. Osborne Borough,* 445 Pa. 571, 285 A.2d 501 (1971); *Bilbar Construction Co. v. Easttown Township Board of Adjustment,* 393 Pa. 62, 141 A.2d 851 (1958); *Martin; see also, Anstine v. Zoning Board of Adjustment,* 411 Pa. 33, 190 A.2d 712 (1963). The objector failed to produce such evidence.

The court found that the Borough is a logical area for development and population growth, being located less than ten miles from Pittsburgh with ready access to vital transportation links within the City of Pittsburgh. The court found that 20% of the land remained undeveloped, thus not precluding further development; that 3.2% of this undeveloped land is available for development of multi-family uses and that the ordinance provides, in addition, for 2.1% of the undeveloped land or 271 acres for townhouse development.

The trial court found and we affirm that the ordinance does not unduly restrict Townhouse development or multi-family uses.

---

[1] In *Daikeler v. Zoning Board of Adjustment of Montgomery Township,* 1 Pa. Commonwealth Ct. 445, 275 A.2d 696 (1971), this court indicated that in a total exclusion case, the ordinance does not enjoy the presumption of constitutional validity, in which case the burden shifts to the Borough to bring forth evidence to show that total exclusion bears a reasonable relationship to the health and welfare of the community.

Nor have the appellants shown that the Borough discriminated against them in its present zoning.

ORDER

The order of the Court of Common Pleas of Allegheny County in No. S.A. 136 of 1977, dated June 1, 1983, is affirmed.