# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colin Joseph Hamilton,       :
          Appellant     :
       :
       v.        :    No. 984 C.D. 2016
       :    Submitted: November 10, 2016
Commonwealth of Pennsylvania,    :
Department of Transportation,     :
Bureau of Driver Licensing      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**         **FILED: March 7, 2017**

Colin Joseph Hamilton (Licensee) appeals from the Order of the Court of Common Pleas of Chester County (common pleas) dismissing his appeal and reinstating the suspension of his operating privilege imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (Department), pursuant to Section 1547(b)(1)[1] of the Vehicle Code,

---

[1] Section 1547(b)(1) provides, in pertinent part, as follows:

**(b) Suspension for refusal.--**

(1) If any person placed under arrest for a violation of section 3802 is requested to submit to chemical testing and refuses to do so, the testing shall not be

*(Continued…)*

commonly known as the Implied Consent Law, for refusing to submit to a chemical test. On appeal, Licensee argues that common pleas erred by dismissing his appeal and reinstating the suspension because neither he nor his counsel received notice of the May 12, 2016 hearing date, and as a result, Licensee was not afforded due process. Licensee also argues that he did not timely receive the order common pleas issued after the May 12, 2016 hearing. The Department contends that the appeal should be quashed as untimely. Because there are factual questions regarding whether Licensee is entitled to appeal *nunc pro tunc*, we vacate and remand.

By Notice mailed February 3, 2016, the Department notified Licensee that it was suspending his operating privilege for one year pursuant to the Implied Consent Law for refusing a chemical test on January 8, 2016. (February Suspension Notice, R.R. at 15a-17a.) Licensee appealed his suspension to common pleas on February 22, 2016, which acted as a supersedeas of the suspension, and a de novo hearing was scheduled for April 21, 2016. (Preliminary

---

conducted but upon notice by the police officer, the [D]epartment shall suspend the operating privilege of the person as follows:

(i) Except as set forth in subparagraph (ii), for a period of 12 months.

75 Pa. C.S. § 1547(b)(1)(i). Section 3802(a)(1) of the Vehicle Code provides, in relevant part, as follows:

**(a) General impairment.--**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa. C.S. § 3802(a)(1).

2

Order for Hearing, Feb. 24, 2016, R.R. at 9a.) On April 12, 2016, counsel for the Department requested a continuance because the Department's witness, Police Officer Andrew Vattilana (Officer Vattilana), had a scheduling conflict and was unavailable to testify at the hearing. (R.R. at 21a.) By order dated April 21, 2016, common pleas granted the continuance request, without objection, and rescheduled the hearing for May 12, 2016. (C.R. at 4.) The docket shows that the April 21, 2016 order continuing the hearing was entered on that day and that copies of the order were sent to counsel for the Department and Licensee. (Case Summary Report at 2, R.R. at 3a.)

The de novo hearing was held on May 12, 2016. Neither Licensee nor his counsel appeared. (Hr'g Tr. at 1, R.R. at 27a.) At the hearing, counsel for the Department indicated that she contacted, or attempted to contact, Licensee's counsel and left a message with another person informing opposing counsel that the hearing was that day, but counsel never returned her call. (Id. at 3-4, R.R. at 29a-30a.) The Department introduced a packet of documents certified by the Director of the Department, which contained Licensee's certified driving record, the Suspension Notice, and a DL-26 form indicating that Licensee refused to sign the form after being advised of the chemical test warnings regarding the suspension of his operating privilege.

In addition, Officer Vattilana of the Brandywine Township Police Department testified as follows regarding the events of January 8, 2016.[2] Officer Vattilana detected a strong odor of alcohol coming from Licensee, noticed that Licensee's eyes were bloodshot and glassy, and observed that Licensee had an

---

[2] Officer Vattilana's testimony regarding the events of January 8, 2016, can be found at pages 30a-33a of the Reproduced Record.

unsteady gait. Licensee refused to participate in any of Officer Vattilana's attempts to administer field sobriety tests. Officer Vattilana placed Licensee under arrest for suspicion of driving under the influence of alcohol (DUI) and transported him to Brandywine Hospital. At the hospital, Licensee refused the requested blood test, and Officer Vattilana read the DL-26 form verbatim to Licensee. Licensee stated that he would not sign anything without a lawyer. Officer Vattilana asked Licensee several more times if Licensee was going to consent to a blood test, to which Licensee responded "no" and later, Licensee stated "lawyer, lawyer, lawyer" and refused to sign the form.

At the conclusion of the hearing, the common pleas judge stated "I don't need anything else. You've made out your case." (Id. at 7, R.R. at 33a.) Based on Officer Vattilana's testimony and the certified documents admitted into evidence, common pleas entered the May 12, 2016 Order that denied Licensee's appeal and reinstated the suspension of his operating privilege. (R.R. at 35a.) The docket shows that the Order was entered that day and that copies of the Order were sent to all counsel and unrepresented parties on May 13, 2016. (Case Summary Report at 2, R.R. at 3a.)

On May 26, 2016, the Department notified Licensee that it was suspending his operating privilege for one year pursuant to the Implied Consent Law for refusing a chemical test on January 8, 2016. (May Suspension Notice, R.R. at 36a.) By letter dated June 1, 2016, Licensee's counsel notified the Department that he was in receipt of the May Suspension Notice and asked that the Notice be rescinded because Licensee's appeal of the February Suspension Notice had acted as a supersedeas of the suspension. (Letter to Department, R.R. at 38a.) Counsel's letter also reiterated that the hearing, originally scheduled for April 21, 2016, had

4

been continued. (Id.) The Department responded to Licensee's counsel by letter dated June 20, 2016, informing Licensee's counsel that "[s]ince the Civil Appeal was unsuccessful and the suspension is reinstated, [it] would be unable to delay [Licensee's] suspension." (Response Letter, R.R. at 39a.)

Licensee's counsel filed a notice of appeal, which the common pleas prothonotary received on June 16, 2016. On the same day, common pleas directed Licensee's counsel to file a concise statement of errors complained of on appeal (Statement) pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 1925(b).[3] On June 29, 2016, Licensee's counsel filed a Statement, in which Licensee argued that common pleas erred by: (1) dismissing Licensee's appeal "without [Licensee] or counsel being present [at the hearing] due to lack of notice to [Licensee] and [Licensee's] counsel"; and (2) not properly determining that Licensee refused to submit to a chemical test pursuant to 75 Pa. C.S. § 1547. (Licensee's Br. App. B.)

In its Opinion in support of its Order issued on July 15, 2016, common pleas noted that the hearing was continued to May 12, 2016, and the docket reflects that a copy of the Order was mailed to all counsel and unrepresented parties. (Common pleas op. (Op.) at 1.) Common pleas further noted that neither Licensee nor

---

[3] Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure provides, as follows:

**(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.--**If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Pa. R.A.P. 1925(b).

5

Licensee's counsel appeared at the hearing, and, at the hearing, counsel for the Department stated that she tried to contact Licensee's counsel via telephone to inform him that the hearing was that day. Common pleas thus concluded that it had "properly proceeded with the hearing at that time." (Op. at 2.) As for the second issue in the Statement, common pleas concluded that the issue was waived because of Licensee's failure to "'concisely identify each ruling or error . . . *with sufficient detail to identify all pertinent issues for the judge*[,]'" and even if the error was discernable, common pleas concluded that the evidence presented at the hearing supports its conclusion. (Id. at 3 (emphasis in original) (quoting Pa. R.A.P. 1925(b)(4)(iii) and citing subsection (b)(4)(vii) (waiver of issues not properly raised)).) Licensee now appeals to this Court.[4]

On appeal, Licensee argues that he was denied due process because neither he nor his counsel received notice that the hearing was rescheduled for May 12, 2016, the notice was not properly mailed, and he requests that the case be remanded to common pleas for a hearing on the merits of the suspension. Licensee further argues that his counsel did not receive the May 12, 2016 Order until July 25, 2016, nearly two and a half months after the order was issued, because, Licensee asserts, it was mailed to counsel's old address. In support of his argument, Licensee attaches to his brief, as part of his reproduced record, copies of envelopes purported to be from the Chester County Prothonotary's Office, one of which was sent to his counsel's old address, stamped returned to sender, and resent

---

[4] Our review is limited to determining if common pleas findings of fact are supported by substantial evidence or if common pleas committed an error of law or an abuse of discretion. Dick v. Dep't of Transp., Bureau of Driver Licensing, 3 A.3d 703, 706 n.4 (Pa. Cmwlth. 2010).

6

to his counsel's current address by the Chester County Prothonotary's Office.[5] In response, the Department argues that under the "mailbox rule," which creates a rebuttable presumption that an item which is properly mailed was received, it must be presumed that Licensee was properly notified of the date of the rescheduled de novo hearing. The Department also contends that Licensee's appeal should be quashed as untimely and that Licensee did not offer any evidence to prove that he is entitled to appeal *nunc pro tunc*.

We will first address the Department's request that we quash the appeal because it was untimely filed. The record here indicates that Licensee filed his appeal from the May 12, 2016 Order on June 16, 2016, approximately four days after the appeal period had expired. As a general rule, an appeal from common pleas to an appellate court is taken by filing a notice of appeal "within 30 days after the entry of the order from which the appeal is taken." Rule 903 of the Pennsylvania Rules of Appellate Procedure, Pa. R.A.P. 903. See also Section 5571(b) of the Judicial Code, 42 Pa. C.S. § 5571(b) ("an appeal . . . from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken."). Where a licensee fails to appeal within the statutorily mandated appeal period, this Court has no jurisdiction to hear the appeal. There are certain limited circumstances under which the deadline for filing an appeal may be extended. "An appeal *nunc pro tunc* may be granted only where the party making the request has shown that the delay in filing the appeal was caused by extraordinary circumstances involving fraud or some breakdown in the

---

[5] Both envelopes appear in the Reproduced Record, not in the Certified Record. "An appellate court may consider only the facts which have been duly certified in the record on appeal." HYK Constr. Co., Inc. v. Smithfield Twp., 8 A.3d 1009, 1017 (Pa. Cmwlth. 2010). Therefore, we cannot review these documents as if they were a part of the certified record.

court's operation through a default of its officers . . . ." <u>Weiman by Trahey v. City of Phila.</u>, 564 A.2d 557, 559 (Pa. Cmwlth. 1989) (emphasis added) (internal quotations omitted) (citing, *inter alia*, <u>Nixon v. Nixon</u>, 198 A. 154, 157 (Pa. 1938)). Our Supreme Court has held that "a breakdown in the court's operation will be found where the prothonotary fails to give notice of the decree or judgment entered to the parties." <u>Id.</u> at 559-60 (citation omitted) (citing <u>Nixon</u>).

Here, Licensee asserts that his counsel received a copy of the May 12, 2016 Order on or about July 25, 2016, in an envelope apparently date stamped July 21, 2016, and addressed to counsel at 418 Main St., Suite 100, Harleysville, PA 19438. (R.R. at 40a.) Licensee further states that the envelope contained another envelope date stamped May 13, 2016,[6] which was addressed to counsel at 425 Main St., Suite 200, Harleysville, PA 19438, his counsel's old address, and marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward" and that he has attached copies of these envelopes to his brief as part of his reproduced record. (R.R. at 41a.)

The Department contends that Licensee has not presented evidence that he is entitled to an appeal *nunc pro tunc*. We note that there was no opportunity for Licensee to make a record that would support his entitlement to *nunc pro tunc* relief, such as introducing as evidence the envelopes his counsel allegedly received containing the May 12, 2016 Order dismissing Licensee's appeal and reinstating his suspension. Whether Licensee is entitled to a *nunc pro tunc* appeal here will depend upon factual determinations. We have stated that "where there is a factual determination that must be made, the better court to entertain the appeal *nunc pro tunc* is the trial court." <u>Weiman</u>, 564 A.2d at 559 (emphasis added). We will

---

[6] The envelope appears to have been returned to the sender on May 19, 2016.

8

therefore remand to common pleas to hold an evidentiary hearing on whether Licensee is entitled to an appeal *nunc pro tunc*.

If the trial court finds that Licensee would be entitled to an appeal *nunc pro tunc*, on appeal, this Court would then review Licensee's argument that he was denied due process[7] because he did not receive notice of the rescheduled hearing date. Licensee avers that, because the May 12th Order was mailed to the wrong address of his counsel, he could only assume that the rescheduling order was also mailed to the wrong address or not mailed at all, and, as a result, he did not receive the hearing notice. Licensee relies upon the two envelopes his counsel allegedly received, discussed above, as support for his contentions. The Department argues that Licensee's mere denial of receipt of the rescheduling order is not sufficient to rebut the presumption that the notice was received.

Under the mailbox rule, relied upon by the Department to assert that the necessary documents were properly mailed and, thus, received, "the presumption of receipt [i]s a *rebuttable* presumption and . . . the addressee must be given the opportunity to submit evidence to rebut the presumption." Volk v. Unemployment Comp. Bd. of Review, 49 A.3d 38, 41 (Pa. Cmwlth. 2012) (emphasis in original). The resolution of this issue would also require a factual determination. Given the similar factual questions about the mailing and receipt of the May 12th Order, if common pleas finds Licensee is entitled to an appeal *nunc pro tunc*, we believe judicial economy would be served if common pleas also makes factual findings

---

[7] "Fundamentally, due process affords a party notice and an opportunity to be heard[, which] require[s] an opportunity, among other things, to hear evidence adduced by an opposing party, cross-examine witnesses, introduce evidence on one's own behalf, and present argument." Panzone v. Fayette Cnty. Zoning Hearing Bd., 944 A.2d 817, 821 (Pa. Cmwlth. 2008) (citations omitted).

regarding whether Licensee received notice of the May 12th rescheduled hearing date. We therefore remand to common pleas to resolve this factual dispute if warranted.

Accordingly, because there are factual questions about whether Licensee is entitled to appeal *nunc pro tunc* to this Court, the matter is remanded for an evidentiary hearing. If common pleas determines that Licensee is entitled to appeal *nunc pro tunc*, common pleas will also determine whether Licensee received timely notice of the May 12th rescheduled hearing date.[8] In the event common pleas concludes that *nunc pro tunc* relief is not warranted and/or that Licensee received notice of the May 12th rescheduled hearing, the court shall reinstate the license suspension.

_____
**RENÉE COHN JUBELIRER,** Judge

---

[8] Because this Court may not have jurisdiction to entertain this appeal, we do not reach Licensee's or the Department's other arguments at this time.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colin Joseph Hamilton,     :
       Appellant  :
            :
      v.      :  No. 984 C.D. 2016
            :
Commonwealth of Pennsylvania,  :
Department of Transportation,   :
Bureau of Driver Licensing    :

# O R D E R

  **NOW**, March 7, 2017, the May 12, 2016 Order of the Court of Common Pleas of Chester County (common pleas), entered in the above-captioned matter, is **VACATED**. The matter is **REMANDED** to common pleas to conduct an evidentiary hearing to determine whether Colin Joseph Hamilton (Licensee) is entitled to appeal *nunc pro tunc* to this Court, and if so, whether Licensee received timely notice of the May 12th rescheduled hearing date, and a hearing on the merits of Licensee's suspension appeal if warranted. A new order will then be issued from which any aggrieved party may appeal.

  In the event common pleas concludes that *nunc pro tunc* relief is not warranted and/or that Licensee received notice of the May 12th rescheduled hearing, the court shall reinstate the license suspension.

  Jurisdiction relinquished.

           _____
           **RENÉE COHN JUBELIRER,** Judge